248 So.2d 275

J. B. BAGGETT, d/b/a Baggett's 82 Truck
Stop and United States Fidelity and
Guaranty Company

v.

Barbara Ann Barger WEBB, et al.

6 Div. 41.

Court of Civil Appeals of Alabama.

March 3, 1971.

Rehearing Denied March 24, 1971.

Skidmore, Skidmore, Crownover & Mountain, Tuscaloosa, for appellees.

Rosen, Wright, Selden & Harwood, Tuscaloosa, for appellants.

WRIGHT, Judge.

Marvin T. Barger, deceased, was an employee of appellant, J. B. Baggett, d/b/a Baggett's 82 Truck Stop, and was subject to the provisions of the Alabama Workmen's Compensation Act. Appellant, Unit-

ed States Fidelity and Guaranty Company, was Baggett's insurance carrier.

On May 21, 1965, the deceased Barger was injured in the course of his employment with Baggett and died from his injuries on May 23, 1965. He was survived by his wife and minor son, appellees here.

After the death of the employee Barger, USF&G voluntarily, without request or agreement, made some payments of compensation to the wife of the deceased. Part of these payments were subsequently returned on August 11, 1965, with a letter from appellees attorney. The letter advised that the attorney was representing the dependents of the deceased employee and that they were proceeding against Alabama Thermogas Corporation as a third-party tort-feasor rather than claiming Workmen's Compensation benefits; that compensation payments were to cease to Mrs. Barger, but in the event third-party recovery was less than compensation benefits, a claim would be presented for any residual amount.

Suit was filed by appellees against West Alabama Thermogas Company, Inc., and trial thereon commenced June 6, 1966. On June 8, 1966, a settlement was negotiated and judgment thereon was entered in favor of appellees and against Alabama Thermogas for $16,000 and costs of court.

After the recovery from the third-party, appellees made demand upon appellant's for contribution on their attorney's fees incurred in recovery under the provisions of Title 26, Section 312, Code of Alabama 1940, as amended in 1961. Upon refusal of such fees, appellees brought suit in the court below.

The complaint claimed of appellants "that certain amount due them as reimbursement for attorney's fees under Title 26, Section 312, Code of Alabama 1940 (Recomp. 1958), a portion of the aforesaid Workmen's Compensation Law of Alabama, as amended."

There followed averments of dependency and employment out of which the accidental death of the deceased occurred. There were further averments as to the third party action and recovery. We set out the last paragraph of the complaint:

"Plaintiffs aver that by their aforementioned 'third party liability' action, which action was initiated and conducted at their own expense, they have absolved defendants from their legal liability to pay weekly compensation benefits to plaintiffs as would otherwise have been required of them, and that for such action on the part of plaintiffs, defendants are liable to plaintiffs for a pro rata portion of plaintiffs' attorney's fees incurred in prosecuting the aforesaid 'third party liability' action. Plaintiffs allege that prior to the commencement of this action they have demanded that defendants make such payments and that defendants have failed and refused to do so, wherefore this suit."

Demurrer to the complaint was overruled and pleas were in short by consent. The matter was submitted on stipulation except for testimony as to the reasonableness of a one-third attorney's fee for appellees attorney's services in the third-party recovery.

The trial court rendered a lengthy finding of fact and judgment thereon for appellees in the amount of $2640.00, with a credit allowed for $131.50 previously paid appellees as compensation. The finding of fact was as to compensation coverage, and that had suit or claim been filed against appellants, compensation due appellees would have been $8,000.00. The judgment was as follows:

"JUDGMENT OF THE COURT:

"Premised upon the above finding of fact by the court, it is the Order, Judgment or Decree of the court, that defendants through the action of plaintiffs in prosecuting third party litigation, have been saved the sum of $8,000.00 in

Workmen's Compensation benefits that they would otherwise owed plaintiffs' and pursuant to Title 26, Section 312, Code of Alabama, 1940 (Recomp. 1958) that plaintiffs are entitled to recover of defendants partial reimbursement of their costs involved in prosecuting third party litigation.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT, that the plaintiffs have and recover of defendants the sum of 33⅓ of the amount actually saved defendants by said third party litigation, or the precise sum of $2,640.00. The court finds that defendants have paid to plaintiffs the sum of $131.50 which should be properly credited against this judgment, and it is therefore the Order, Judgment and Decree of the court, that plaintiffs have and recover of defendants the sum of $2,508.50 for which let execution issue.

"IT IS FURTHER ORDERED, that defendants pay the costs of this proceeding. Rendered, Ordered, Adjudged and Decreed this 11th day of September, 1969.

> "Henry H. Mize
>
> Circuit Judge"

From the judgment this appeal was taken.

There were eighteen assignments of error. Assignments 2 and 4 were expressly waived in brief. We will consider the remainder by assigned number.

Assignments 1 and 3 allege error in the overruling of appellants respective demurrers, which were identical as to grounds assigned.

The first argued grounds of demurrer are 5 and 6. In effect, they charge that the complaint fails to allege facts which show a right of recovery under the statute. This charge refers to the terminology of the last sentence of Title 26, Section 312 of the Alabama Code as amended in 1961. This is the portion of Section 312 which authorizes the recovery sought by appellees. It appears as follows:

> "In any settlement made under this section with a negligent third party by the employee, or in case of his death, by his dependents, the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party, either with or without suit, in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from such third party."

(We suggest to the reader that this quotation be carefully studied. We will refer to it again in this opinion.)

Appellees' suit is, without question, based upon the right of action presented by this portion of Section 312.

It is the contention of appellants that the complaint must contain averment and at trial be supported by proof, that the attorney's fees sought were "incurred" in a "settlement."

In appellees' complaint it is alleged that a suit was filed against a third party as described in Section 312; that such suit resulted in a judgment which had been paid; that the amount of the judgment was in excess of compensation which would have been due from appellants had appellees elected to recover same in lieu of maintaining the action against the third party; that by their action, initiated and conducted at their own expense, appellees had absolved appellants from their legal liability to pay compensation benefits and appellants are therefore liable to appellees for a pro rata portion of appellees attorney's fees incurred in prosecuting the third-party action for which demand was made and refused. (We have substituted above and hereafter refer to plaintiffs as appellees and defendants as appellants.)

It is the argument of appellants that rules of statutory construction require the term "settlement" be considered to

mean "without adjudication." In other words, if there is a suit carried to trial and final judgment there is no "settlement" and thus no right to recover attorney's fees.

We can find no legislative history of the amendment to Section 312 of 1961, which added the sentence involved, and concede that it could have been better drafted, but we cannot accept such construction.

We must consider the entire statute and not an isolated part, giving to every clause effect in light of the subject matter and purpose of enactment. Sparks v. West Point Mfg. Co., 274 Ala. 102, 145 So.2d 816. It was stated in Bell v. Pritchard, 273 Ala. 289, 139 So.2d 596, that "courts are not controlled by literal meaning or language of a statute but by its spirit and intention."

Section 312 of Title 26 as enacted prior to the 1961 amendment provided for recovery by the employer of the insurance carrier of attorney's fees, incurred by them in an action for damages against a third party for injuries to an employee for which Workmen's Compensation was paid or payable, if the damages recovered exceeded compensation due. Such attorney's fees, together with expenses, were to be deducted from the amount recovered exceeding compensation, before disbursement to the employee, or in case of his death, to his dependents or estate.

It is clear that at least one of the purposes of the addition of the 1961 amendment was to grant to the employee or his dependents some relief from the expense of their bringing the third-party action and thus saving the employer or his carrier from paying some or all of the due compensation, or if compensation had been paid, recovery of some or all of it.

It would be patently unfair and unjust to allow recovery of attorney's fees from the employer if a third-party claim or suit was settled with a nominal effort by the employee or his dependents, but disallow recovery of more substantial fees incurred by prolonged and difficult action by trial and judicial determination.

We cannot conceive of such legislative intent in passage of the amendment involved. In construing a statute of questionable meaning, we must not only consider the language used, but also the reason and necessity for the act, together with the object sought to be obtained. We must place upon it that construction which is reasonable and just. Rinehart v. Reliance Ins. Co., 273 Ala. 535, 142 So.2d 254; Ex parte Alabama Public Service Commission, 268 Ala. 322, 106 So.2d 158.

Since this is a suit brought under the Workmen's Compensation law, where pleadings are to be liberally construed to serve its beneficent purpose, it was not necessary, as against demurrer, that the complaint be laid in the words of the statute. We hold that appellees complaint sufficiently alleged a "settlement" of the third-party liability action and that attorney's fees were "incurred" by appellees therein. We thus find that Grounds 5, 6, 7, 8 and 9 of the demurrer were not well taken.

Grounds 15 and 16 of the demurrer charge that the complaint is insufficient for lack of an ad damnum clause and that it fails to claim a specific monetary amount due.

Section 304 of Title 26, Code of Alabama 1940, specifically establishes the procedure and the necessary averments for the filing of a verified complaint under the Workmen's Compensation law. It does not require an ad damnum averment, but only certain specified statements and "such other facts as may be necessary to enable the court to determine what, if any compensation the employee or in case of a deceased employee, his dependents, are entitled to under articles 1 and 2 of this chapter."

A complaint under the Workmen's Compensation Act is not a common law action and is not required to meet common law

niceties or requirements of pleading. Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201. Though not strictly an action seeking compensation in the usual sense, the cause of action here is one authorized by the Workmen's Compensation Act and is thus subject to no more strict rules of pleading than that for injuries. The averments of the complaint contain statements required by Section 304 and such other facts necessary for the court to determine the amount due, if any.

Appellants in brief suggest that in the absence of an ad damnum clause it could be that the amount sought would be less than the jurisdictional amount of the circuit court. In response to that argument, we would remind appellants that Workmen's Compensation cases are required to be brought in circuit court regardless of amount sought. Title 26, Section 297, Code of Alabama 1940.

Grounds 10, 11, 15 and 16 of appellants' demurrer are not well taken. There being no other grounds of demurrer argued in brief, appellants' assignments of Error 1 and 3 are not well taken.

Appellants charge in Assignment of Error 5 that the judgment is erroneous in its entirety, for that appellees failed to comply with mandatory requirements of Section 312 in bringing the third-party action and thus the "settlement" of such action was not made under the section, and appellants are not therefore liable for attorney's fees. The provisions referred to by appellants appear in the first sentence of the section, and were present prior to the enactment of the last sentence thereof in 1961. The first sentence of Section 312 is as follows:

"When the injury or death for which compensation is payable under article 2 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer whether or not such party be subject to the provisions of article 2 of this chapter the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter and at the same time may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to article 2 of this chapter."

Appellants' argument is that strict compliance with the first sentence of Section 312 is necessary before a right of recovery is available under the provisions of the last sentence of the section. It is appellants further contention that the effect of the first sentence is to require that a claimant comply with one of two alternatives prior to, or in conjunction with, the pursuit of a third-party recovery.

Those alternatives in the words of the statute are:

"* . * * may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter and at the same time may bring an action against such other party to recover damages for such injury or death, * * *"

Appellants insist that unless claimant has either proceeded against or made an agreement with the employer for compensation due before a settlement with a third party, such settlement is not made under this section, and therefore no liability attaches to the employer for contribution toward attorney's fees incurred in the settlement. Appellants' contention is an interesting one and we admit to some difficulty in its consideration. We have not been cited to any cases in any jurisdiction on this point and it appears to be one of first consideration by the appellate courts of this state.

The question presented is whether Section 312 requires the filing of suit against the employer, or the entry of an

agreement with the employer as to compensation due, by the employee, or his dependents in case of death, as a prerequisite to the bringing of the third-party action authorized by the section. We consider the answer to the question to be negative.

In his book on "Alabama Workmen's Compensation" (Section 34), Ralph Roger Williams states that Section 312 presents an employee or his dependents with a "choice":

"1. To proceed against the employer to recover compensation under the Act, or

"2. To bring an action against the third-party tort-feasor to recover damages for the injury or death, while at the same time having agreed with the employer upon the compensation payable under the Act * * * Thus, the compensation claimant may not maintain adversary actions both under the Act against his employer and at law for damages against the third party; to elect to sue the third party, the claimant must 'agree with the employer upon the compensation payable.' "

We disagree with Mr. William's interpretation. We think it clear that the "choices" referred to by Mr. Williams were put in by amendment in 1947 to eliminate the requirements of an election between suing the employer for Workmen's Compensation or proceeding against a third-party tort-feasor. The 1947 Act repealed Section 311 which pertained to right of an employee or dependent covered by Workmen's Compensation suing a third party who was also subject to Workmen's Compensation. Section 311 had required an election between proceeding against the employer or the third party subject to the Workmen's Compensation law. The 1947 act repealed Section 311, and amended Section 312 to include third-party actions at law against any tort-feasor, whether subject to Workmen's Compensation or not. We know of no case holding that Section 312 ever required an election or prohibited

prosecution of suit against the employer under Workmen's Compensation and simultaneous suit at law against a third party. The only prohibition was against retaining double recovery by requiring credit against sums owed by the employer or reimbursement to the employer from damages recovered.

Examination of that part of Section 312 granting subrogation rights to the employer discloses that the right of subrogation was given not only because of sums paid, but extended also if suit was pending against the employer for Workmen's Compensation. The part of Section 312 we refer to follows:

" * * * In the event the injured employee, or in case of his death, his dependents, do not file suit against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring suit against such other party for damages on account of such injury or death, in the event the employer or the insurance carrier shall have paid compensation to such employee, or his dependents, or in the event a proceeding is pending against the employer to require the payment of such compensation, * * *"

██ This provision clearly indicates that it was anticipated that suits would be filed against both employer and the third party at the same time. It is specifically provided that though the employer is being sued for compensation, he may file the third-party action, either in the name of the employee or his own name, if the employee or his dependents have not done so. Thus two adversary actions would be going at the same time. The employer could only be subrogated to a right of action which first belonged to the employee or his dependents.

We have departed somewhat from our posed question with the purpose of showing that Section 312 grants two separate

and distinct rights of action to an employee or his dependents, and that prosecution of one is not dependent upon the prosecution of the other. In the instant case, one involving a third-party action for wrongful death, there are two different applicable statutes of limitations. The third-party action has a two year statute of limitation and the action against the employer has a one year limitation. Title 7, Section 123, Title 26, Section 296. Liberty Mutual Ins. Co. v. Lockwood Greene Engineers, 273 Ala. 403, 140 So.2d 821.

The so-called "choices" or alternatives of the first sentence of Section 312 are not set out for a prohibitory purpose. It is not intended that suit or settlement against the employer *must* precede or coincide with a third-party action. It is merely made clear that it is permissible and proper for an employee or his dependents to pursue two rights of action at the same time. An election to pursue one and not the other, or one prior to the other, is of itself, no defense to the action brought.

■ Whether suit is brought under Section 312 as a third-party liability suit is to be determined by the allegations of the complaint and not by whether action is pending or settlement has been made with the employer for compensation. No new cause of action was created by Section 312. The wrongful death action was created by Title 7, Section 123, Alabama Code of 1950. Section 312 only extended the right to bring such action to dependents of a deceased, who met his death by accidental injury while within the course of his employment and granted to the employer subrogation rights for compensation paid or due. Previous to Section 312 only the administrator of the deceased's estate could bring a wrongful death action. Title 7, Section 123, 1940 Code of Alabama. Since the enactment of Section 312, if an employee covered by Workmen's Compensation met his death due to an act of a negligent third party and has dependents as defined under Workmen's Compensation, the right to bring an action for wrongful death is vested in the dependents and not in a personal representative under Title 7, Section 123. Robinson v. Western Railroad of Alabama, 243 Ala. 278, 9 So.2d 885. Thus Title 26, Section 312, and Title 7, Section 123 are construed together. If the deceased is an employee coming within the provisions of Workmen's Compensation and has dependents, any action for his wrongful death against a negligent third party must be brought by his dependents under Title 26, Section 312. There is no right to bring an action under Title 7, Section 123.

There is no question but that the wisest course would be to seek recovery in both at the earliest possible time. If agreement is not reached with the employer, or suit is not brought for compensation, problems and undue hardship may occur. First, the statute of limitation as to compensation may run before recovery or even filing of suit in a death case. Second, the employee or dependents may need the compensation pending the disposition of the third-party suit. Third, there may be no recovery in the third-party suit, or it may be less than compensation. Fourth, failure to pursue compensation may prevent contributions by the employer toward attorney's fees incurred in the third-party action.

We now hold that appellees failure to sue or reach agreement with his employer as to Workmen's Compensation and amount due, prior to or in conjunction with the third-party liability suit did not disqualify the suit, nor the settlement therein, from being one brought or made under Section 312.

■ We further see no reason why a determination of the amount of compensation due appellees or the amount of the reduction in the employers liability to pay compensation could not be determined by the court in the instant case, though not previously determined by suit or agreement. Such finding was necessary in order that the required proportion could be set up to arrive at the amount of attorney's fees due from the employer. It was stipu-

lated that had agreement been reached or determination of liability for compensation made, such compensation would have been $8,000.00, not including medical and funeral benefits.

In response to appellants assignments of error that the judgment below is contrary to the evidence as to the amount awarded, we recognize that the amount of contribution for attorney's fees found by the court is less than the exact amount resulting from a calculation of the proportion designated in Section 312, we cannot see the injury in this respect. Appellees do not object to the loss. There is no error here.

Appellants' Assignments of Error 15, 16 and 17 are argued jointly in brief and contend that the judgment is contrary to law for it is predicated upon a statute which is inoperative and void for uncertainty in meaning. One aspect of the argument on this contention has been previously answered in this decision. That aspect is directed to the meaning of the term "settlement" in the last sentence of Section 312. The remaining argument concerns the uncertainty of the formula set out for determining the amount of liability of the employer for attorney's fees.

We have previously agreed that this portion of the statute could have been more clearly drawn, but we do not agree that its meaning is not capable of interpretation. For this writer to understand it, several readings and some cogitation were required, but such difficulty certainly can offer no support for unconstitutionality. The provision can be better understood, we think, when rearranged in the following manner—The employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party in the same proportion that the amount of the employer's liability to pay compensation is reduced bears to the total recovery had from the third party. The excellent article written by Attorneys Richard L. Jones and E. L. Brobston, appearing in The Alabama Lawyer, July 1965, Vol. 26, Number Three, discusses and gives examples of this formula.

The power of a court to declare a legislative enactment inoperative and void for uncertainty should be exercised only where the statute is so incomplete, so conflicting, or so vague and indefinite, that it cannot be executed, and the court is unable by the application of law and accepted rules of construction to determine what the legislature intended by any reasonable degree of certainty. Opinion By The Justices, 249 Ala. 88, 30 So.2d 14. We do not find Section 312 so uncertain.

Assignment of Error 18 charges error in entering judgment because the enactment of Title 26, Section 312, in Act 272 of the 1961 Special Session of the legislature was in violation of Article 4, Section 45 of the Alabama Constitution. It is charged that the addition of the last sentence of Section 312 was enacted as an amendment in 1961 without descriptive title and merely recited that it was an "act to amend Section 312 of Title 26, Code of Alabama 1940, as amended, the same relating to the Workmen's Compensation Act." Appellants admit that enactment of an amendment to a statute by referring to Code sections being amended is not repulsive to Article 4, Section 45, of the Alabama Constitution, if the subject of the amendment is germane to Section 312 as it previously existed.

We cannot conceive of any matter more germane, not only to Section 312 but to the whole of the Workmen's Compensation law. The added provision of the right of an employee when recovering from a third-party damages which would have been due in full or in part from his employer, to have reimbursed a proportionate part of the cost of such recovery, was but reciprocal of rights previously granted to the employer by Section 312.

The obvious purpose of the amendment is to require the employer to pay something for having been saved from paying compensation which he would have paid but for the third-party action.

The amendment of Section 312 by the legislature in 1961 was not in violation of Article 4, Section 45 of the Alabama Constitution.

We find no error and the judgment below is

Affirmed.