INGRAM, Judge.
This appeal concerns the interpretation and application of Ala.Code 1975, § 25-5-ll(e), part of the Alabama work *448 men’s compensation law, which is as follows:
“(e) In any settlement made under this section with a third party by the employee or, in the case of his death, by his dependents, the employer shall be liable for that part of the attorney’s fees incurred in the settlement with the third party, either with or without a civil action, in the same proportion that the amount of the reduction in the employer’s liability to pay compensation bears to the total recovery had from such third party.”
The trial court held that, pursuant to the above statute, the employee was entitled to a pro rata share of attorney fees and expenses from Insurance Company of North America (INA). INA appeals.
The employee was injured while on the job and began receiving workmen’s compensation benefits from the employer’s insurance carrier, INA. The employee subsequently filed a lawsuit and ultimately obtained a third party recovery in the amount of $49,040.00 as damages. Thereafter, INA filed a motion to intervene in order to protect its right of reimbursement for benefits previously paid to the employee.
The parties stipulated as to the amount of attorney fees, and there is no dispute that the pro rata amount of such attorney fee to be paid by INA is $7,061.76. The issue in contention here is whether the reimbursement claim of INA is also subject to a pro rata share of expenses incurred by the employee during litigation against the third party.
INA contends that, since § 25-5-ll(e) does not specifically mention “expenses,” INA does not have to pay a pro rata share of the expenses incurred by the employee’s attorney in prosecuting the third party claim.
In construing the language of statutes to determine legislative intent, our Supreme Court has stated: “Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning.” Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984).
Section 25-5-11(d), Code 1975 (1986 Repl. Vol.), provides that when the employer brings a claim for damages against a third party, the attorney’s fees and reasonable expenses incurred in such action will be recoverable. For whatever reason, the phrase “reasonable expenses” is not contained in § 25 — 5—11(e), Code 1975 (1986 Repl.Vol.), although attorney’s fees are recoverable in any settlement. Settlement has been held to mean with or without trial and judicial determination. Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275 (Civ.App.1971).
We are uncertain why the legislature chose to benefit the employer and not the employee in the area of expenses required to effectuate a settlement. However, our research has failed to reveal any workmen’s compensation case which holds that “expenses” are part and parcel of attorney’s fees. We likewise find that our application of the overall beneficial purpose of the workmen’s compensation act fails to provide sufficient support for us to judicially incorporate a word of clear meaning which does not appear in this section of the statute. Therefore, we have no alternative but to reverse the trial court.
This case is due to be reversed and the cause remanded with instructions to enter an order not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., concurs.
HOLMES, J., dissents.