The plaintiffs appeal from a summary judgment in favor of the defendants.
The City of Decatur began a rental rehabilitation program in the northwest section of Decatur in 1989. The Community Development Department of Decatur inspected all of the open and abandoned property in the northwest section, evaluating the condition of each piece of property and any buildings located on the property. The Community Development Department made a detailed report as to the condition of the property, and the department also made photographs of the property. James L. Brothers, the director of the Building Department of the City of Decatur, determined whether the buildings located on any of the properties were safe, based on the photographs and the reports. The plaintiffs, Joe Terry and Annie L. Terry, owned seven residential properties in the northwest section that were found to be unsafe pursuant to the Standard Unsafe BuildingAbatement Code (hereinafter "Abatement Code"), adopted by the City of Decatur pursuant to § 11-45-8(c)(15), Ala. Code 1975.
In accordance with the procedures outlined in § 302.1 of the Abatement Code, Brothers issued a notice of an unsafe building on January 11, 1990, for each of the buildings located on the plaintiffs' properties. The notice contained a statement of the rights and privileges of the property owners under the Abatement Code, including: (1) the right to secure a permit from the Building Department within 60 days to make necessary repairs on the buildings to conform with the safety standards; (2) the right to secure a permit to demolish the building; or (3) the right to appeal to the Board of Examinations and Appeals for Construction Industries within 30 days.
On May 7, 1990, the city council of Decatur held a meeting concerning the plaintiffs' properties because the plaintiffs had failed to take any action concerning the buildings and City funds might be needed to correct the condition of the buildings. Ann Mayfield, Joe Terry's daughter, was at this meeting representing the plaintiffs. The city council voted to condemn the seven buildings on the plaintiffs' property. On May 10, 1990, the plaintiffs sued the City of Decatur and James Brothers. The trial court entered a summary judgment in favor of the City and Brothers.
A summary judgment is appropriate when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact.Hope v. Brannan, 557 So.2d 1208 (Ala. 1989).
The plaintiffs contend that they requested permits from the Building Department before the May 7, 1990, city council meeting but that their requests were denied. In Joe Terry's affidavit, he claims that he requested a permit from the Building Department. However, Joe Terry does not claim that he requested the permit within the time prescribed by the Abatement Code and set out in the notice from the Building Department. The plaintiffs presented no evidence that they complied with any of the requirements of the Abatement Code. The plaintiffs failed to present substantial evidence creating a genuine issue of material fact.
The plaintiffs argue that the procedure prescribed in the Abatement Code and adopted by the city pursuant to § 11-45-8, Ala. Code 1975, is unconstitutional. However, the plaintiffs failed to notify the attorney general's office of their constitutional *Page 951 
challenge; see § 6-6-227, Ala. Code 1975. Landers v. O'NealSteel, Inc., 564 So.2d 925 (Ala. 1990). Therefore, this Court has no jurisdiction to resolve this claim, and any discussion of it is pretermitted.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS and HOUSTON, JJ., concur.