601 So.2d 962 (1992)
MILLERS MUTUAL INSURANCE ASSOCIATION
v.
Flora YOUNG, as administratrix of the estate of Moses Young, deceased, et al.
1910230.
Supreme Court of Alabama.
July 24, 1992.
Rocco J. Leo of Newman, Miller, Leo & O'Neal, Birmingham, for appellant.
Robert Wyeth Lee, Jr. of Lee, Sullivan & Mathis, Birmingham, for appellees.
MADDOX, Justice.
The only issue presented on this appeal is whether a workman's compensation insurance carrier, having paid death benefits to the dependents of a covered employee, is entitled to intervene in a wrongful death action filed against third parties by the widow, as administratrix (under the provisions of the Wrongful Death Act, Ala.Code 1975, § 6-5-410), to recover the amount of death benefits it paid to the employee's dependents under the Workmen's Compensation Act.
The trial court refused to permit the workman's compensation carrier to intervene in the lawsuit, and the carrier appealed. We reverse and remand.
Moses Young was working for his employer, Valley Grain Company, Inc., when he became trapped in a grain bin. He died as a result of the accident. Millers Mutual Insurance Association ("Millers Mutual"), the workmen's compensation carrier for the employer, paid to the widow, Flora Young, death benefits in the sum of $35,956.78.
Flora Young, as administratrix of her deceased husband's estate, subsequently filed a wrongful death action against Grain Systems, Inc., the manufacturer of the grain bin, and Confab Corporation, the assembler of the bin. In her complaint she alleged that her husband's death was proximately caused by negligence on the part of the two defendants.

I
We hold that the trial court should have permitted the carrier to intervene in this case. We recognize that, generally, the grant or denial of a motion to intervene is within the discretion of the trial court and will not be disturbed on appeal unless there is an abuse of discretion. Dearmon v. Dearmon, 492 So.2d 1004, 1006 (Ala.1986). In determining whether there has been an abuse of that discretion, we look to our Rules of Civil *963 Procedure, which permit a party to intervene as a matter of right, in two situations:
"(1) [W]hen a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Rule 24(a), A.R.Civ.P.
Does any statute unconditionally permit a carrier to intervene in a wrongful death action to seek reimbursement for death benefits paid to dependents of the deceased workman? We think so. Ala.Code 1975, § 25-5-11, which grants to dependents of a deceased employee falling within the provisions of § 25-5-11 the exclusive right to bring an action for damages against third parties for the wrongful death of the employee, states, in part, that "[t]o the extent of any such recovery of damages against such other, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death." That section also provides that in the event the dependents fail to sue within the time required by law, the employer or insurer who has paid death benefits to the deceased employee's dependents is allowed an additional six months within which to sue the third-party tort-feasor. Section 25-5-11(d) then provides that "[i]n the event such injured employee has no dependents, his personal representative in the event of his death may bring a civil action against such other party to recover damages without regard to this chapter."

II
Alabama courts have consistently upheld the subrogation rights of workmen's compensation insurance carriers in actions against third parties under § 25-5-11. This Court stated in Liberty Mutual Insurance Co. v. Manasco, 271 Ala. 124, 127, 123 So.2d 527 (1960):
"In our opinion, the employer or insurance carrier is entitled to be reimbursed, out of any judgment recovered by the employee or his representative in a suit against a third party wrongdoer, all payments made by the employer or the insurance carrier which are included within the meaning of the word `compensation' as used in § 312, Title 26 [predecessor to § 25-5-11], as amended, irrespective of the type of damages claimed in the complaint in the suit against the third party wrongdoer."
In Orum v. Employers Casualty Co., 348 So.2d 792, 795 (Ala.Civ.App.1977), the Court of Civil Appeals held that the workmen's compensation insurance carrier properly intervened in an action by the employee against the third-party tort-feasor in order to exercise its statutory right of subrogation for compensation benefits paid to the employee. The court rejected the employee's contention that "damages," within the meaning of § 312, could mean only a "money judgment" and held that the insurance carrier is equally entitled to reimbursement when a suit is settled.
In Maryland Casualty Co. v. Tiffin, 537 So.2d 469 (Ala.1988), this Court held that the workmen's compensation insurance carrier was entitled to full reimbursement for death benefits paid where the family of the deceased employee had recovered damages from the third-party tort-feasor substantially in excess of the insurance carrier's liability. The trial court had determined that, because the settlement was worth only 20% of the value of the case, the insurance carrier was entitled to only 20% of the amount that it had paid. This Court reversed the judgment entered by the trial court, stating that, [w]ith punitive damages, the case is `worth' whatever amount will `adequately punish and deter'nothing more, nothing less." This Court explained:
"We must interpret § 25-5-11(a), as it is written, not as was we may wish that it were written. When we do so, we must hold that the sums recovered by the plaintiffs in this action from third parties must be credited against the liability of Maryland Casualty for compensation *964 and that, since they exceed the amount of compensation payable under the workmen's compensation laws, Maryland Casualty has no further liability on account of Mr. Tiffin's death and is entitled to reimbursement for the amount of compensation already paid to the Tiffins for Mr. Tiffin's death, subject to Maryland Casualty's liability for attorney fees under § 25-5-11(e)."

537 So.2d at 474 (emphasis added).

III
Mrs. Young does not dispute the fact that Millers Mutual would be allowed to conditionally intervene in the present action if she had sued under § 25-5-11 as a dependent of her deceased husband. She claims, however, that the instant action was filed by her, as administratrix, as permitted by § 6-5-410, and that § 25-5-11 does not grant the carrier the right to intervene. She says that the reimbursement provisions of § 25-5-11 do not apply in cases where the action is commenced by the administratrix instead of by the dependents. We disagree with that argument.
In discussing the relationship between § 6-5-410 and § 25-5-11, the Court of Civil Appeals in Baggett v. Webb, 46 Ala.App. 666, 674, 248 So.2d 275, 282 (1971), stated:
"No new cause of action was created by Section 312 [now § 25-5-11]. The wrongful death action was created by Title 7, Section 123, Alabama Code of 1940. Section 312 only extended the right to bring such action to dependents of a deceased, who met his death by accidental injury while within the course of his employment and granted to the employer subrogation rights for compensation paid or due. Previous to Section 312 only the administrator of the deceased's estate could bring a wrongful death action."
This Court stated in Alabama Power Co. v. White, 377 So.2d 930, 933 (Ala.1979):
"[I]n Alabama there is but one cause of action for wrongful death, i.e., Code 1975, § 6-5-410. [Citations omitted.] In other words § 25-5-11(a) gives to the dependents of an employee killed under circumstances creating liability against a third party a right to commence an action against such third party, but such action, when commenced must be deemed to arise under § 6-5-410."
In Sanders v. Shockley, 468 F.2d 88, 90 (5th Cir.1972), the United States Court of Appeals for the Fifth Circuit stated:
"[T]he Alabama rule of statutory construction... requires that the Workmen's Compensation Act and the Wrongful Death statute be construed together and harmonized so as to give effect to each law, if possible.... If there were a direct conflict between the two acts, the later Compensation Act would control. We are of the opinion, however, that there is no irreconcilable conflict in the application of both statutes to the instant situation."
(Emphasis added.)
Mrs. Young is correct in stating that § 25-5-11 is silent with regard to the right of a workmen's compensation insurance carrier to be reimbursed from damages recovered when the decedent's personal representative brings the wrongful death action. We do not believe that the legislature's failure to expressly provide subrogation rights to workmen's compensation insurance carriers when an action is filed under the provisions of § 6-5-410 is of any consequence, especially in view of the history of the wrongful death action in situations involving covered workmen. In Baggett v. Webb, 46 Ala.App. at 674, 248 So.2d at 282, the court noted some of this history in stating that "[p]revious to [the enactment of § 25-5-11], only the administrator of the deceased's estate could bring a wrongful death action." Section 25-5-11 was then enacted to extend the right to bring a wrongful death action to the dependents of the employee killed under circumstances creating liability against a third party, such as is alleged in this case. Section 25-5-11 gives the deceased employee's dependents the exclusive right to bring an action under § 25-5-11. If the deceased employee has no dependents, the personal *965 representative may bring a civil action "without regard to this chapter." Ala. Code 1975, § 25-5-11(d).
In the present case, there are dependents who could have brought the action under the provisions of § 25-5-11. Mrs. Young, for example, is both a dependent under § 25-5-11 and the administratrix of her husband's estate, and she was authorized to file the action pursuant to the provisions of § 6-5-410. She chose to accept workmen's compensation death benefits from the workmen's compensation insurance carrier, Millers Mutual, but filed the wrongful death action under the provisions of § 6-5-410.
Mrs. Young argues that Millers Mutual has no right of subrogation because the wrongful death action was filed under the provisions of § 6-5-410. We cannot accept that argument. We do not believe that the legislature intended to permit a dependent to collect death benefits from a workmen's compensation carrier, and then to deny the carrier the right to be reimbursed for the amounts paid by reason of the death of the employee. To hold otherwise would permit a dependent to accept workmen's compensation benefits and then to circumvent the insurance carrier's right to reimbursement by filing the action under § 6-5-410 rather than under § 25-5-11.

IV
Based on the foregoing, we conclude that the judgment of the trial court is due to be reversed and the cause remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
I do not agree with the quote from Alabama Power Co. v. White, 377 So.2d 930, 933 (Ala.1979), that "in Alabama there is but one cause of action for wrongful death, i.e., Code 1975, § 6-5-410."