PER CURIAM.
The defendants Dr. John I. Kennedy and Dr. Paul R. Deaton petition this Court for a writ of mandamus directing Judge James C. Brotherton of the Walker Circuit Court to grant their motion to transfer a medical malpractice action against them to the Jefferson Circuit Court.
In May 1993, Patricia Royster, individually and as administratrix of the estate of her husband Jimmy Royster, deceased, filed an action in the Walker Circuit Court against the Board of Trustees of the University of Alabama,[1] the Walker County Commission, and several fictitious defendants. She amended the complaint in February 1994 to add Dr. Kennedy and Dr. Deaton as defendants. As amended, the complaint alleged *367 that while employed by the Walker County Commission, Jimmy Royster had contracted a fungal infection in his respiratory system, which the plaintiff says ultimately caused his death, and that Dr. Kennedy and Dr. Deaton had negligently and/or wantonly breached the applicable standard of medical care in treating that infection while Royster was under their care in the University of Alabama at Birmingham Hospital and had thereby contributed to cause the death. Thus, the complaint alleged both a workers’ compensation claim[2] and a medical malpractice claim.
Dr. Kennedy and Dr. Deaton moved to dismiss the claim against them or, in the. alternative, to transfer it to the Jefferson Circuit Court. They argued that pursuant to Ala.Code 1975, § 6-5-546, of the Alabama Medical Liability Act, Walker County was not a proper venue for the medical malpractice claim, because the act or omission complained of, their allegedly negligent medical treatment of Royster, occurred in Jefferson County. Judge Brotherton denied the dismissal and likewise denied the transfer; hence, this petition for a writ of mandamus.
A petition for a writ of mandamus is an appropriate means to challenge a trial judge’s refusal to transfer a case to another judicial circuit. See Ex parte Alabama Power Co., 640 So.2d 921 (Ala.1994), and Ex parte Ralston, 519 So.2d 488 (Ala.1987). However, the petition will not be granted unless the petitioner makes a clear showing that the trial court erred in refusing the transfer. Ex parte Ralston, supra.
I.
Dr. Kennedy and Dr. Deaton argue that venue in any action against a health care provider alleging a breach of the applicable standard of care is controlled solely by § 6-5-546 and that the trial court erred in failing to apply that section to determine proper venue for the claim against them. The first sentence of § 6-5-546 reads:
“In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred.”
The Alabama Medical Liability Act, of which this section is a part, “applies to all actions against health care providers based on acts or omissions occurring after June 11, 1987, and as to such causes of action, shall supersede any inconsistent provision.” Ala.Code 1975, § 6-5-552. It is undisputed that Dr. Kennedy and Dr. Deaton are health care providers, that their alleged breach of care occurred after June 11, 1987, and that it occurred in Jefferson County.
In response, Patricia Royster argues that because the Walker County Commission is not a health care provider, § 6-5-546 does not apply to the issue of venue in this action. Royster contends that venue is controlled instead by Rule 82(c), Ala.R.Civ.P., which provides, in part: ‘Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” Thus, she argues that Walker County is a proper venue for her claim against Dr. Kennedy and Dr. Deaton, because that claim was joined with a workers’ compensation claim against the Walker County Commission and Walker County is a proper venue as to the workers’ compensation claim.
The venue of actions is governed by statute and, in the event of an inconsistency in the statutory provisions, by Rule 82, Ala. R.Civ.P. Ex parte Lashley, 596 So.2d 890 (Ala.1992). Moreover, Amendment 328, § 6.11, Alabama Constitution of 1901, provides that, by passing a general act of statewide application, the legislature may change the rules promulgated by this Court for governing the administration of all courts. The legislature has exercised that power here, enacting § 6-5-546, a general statute of *368 statewide application; § 6-5-545 establishes the rule for determining proper venue for certain kinds of actions against health care providers. As to those cases in which § 6-5-546 is applicable, therefore, its provisions supersede the provisions of Rule 82(e).
The legislative intent behind the first sentence of § 6-5-546 is clear; any action against a health care provider based on an alleged breach of the standard of care must be brought in the county where the act or omission complained of actually occurred. The fact that Royster’s claim against Dr. Kennedy and Dr. Deaton was added to a workers’ compensation claim against the Walker County Commission does not alter the applicability of § 6-5-546 to the claim against Dr. Kennedy and Dr. Deaton; nor does it create a hybrid action that is exempt from § 6-5-546. To hold otherwise would allow a plaintiff in a medical malpractice action to evade the specific venue statute by merely joining a claim against a defendant who is not a health care provider, but who can be sued in a venue more attractive to the plaintiff.
II.
In the alternative, Patricia Royster contends that even if § 6-5-546 controls venue for her malpractice claim against Dr. Kennedy and Dr. Deaton, Walker County is a proper venue because of the second sentence of § 6-5-546. That sentence reads:
“If plaintiff alleges that plaintiffs injuries or plaintiffs decedent’s death resulted from acts or omissions which took 'place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiff’s decedent resided at the time of the act or omission if the action is one for wrongful death.”
(Emphasis added.)
Royster contends that multiple acts or omissions in more than one county caused her husband’s death — the onset of the fungal infection while he was employed by the Walker County Commission in Walker County and the breach of the applicable standard of care by Dr. Kennedy and Dr. Deaton in Jefferson County. She argues that the multiple “acts or omissions” referred to in the second sentence of § 6-5-546 need not all be related to a health care provider, because, she says, that sentence does not use the same qualifying phrase as the first sentence of that section; that first sentence refers to an “act or omission constituting the alleged breach of the standard of care by the defendant.” (Emphasis added.) Royster contends that in addition to the doctors’ acts, which occurred in Jefferson County, the acts giving rise to the workers’ compensation claim against the Walker County Commission are included within the term “acts or omissions” as it is used in the second sentence of § 6-5-546. Thus, she says, Walker County is a proper venue, because she resided there at the time of her husband’s death.
We conclude that the legislature’s failure to qualify every reference to “acts or omissions” in § 6-5-546 as relating only to an alleged breach of a standard of care does not indicate that the legislature intended the statutory phrase “acts or omissions” to encompass acts or omissions not involving an alleged breach of a standard of care. “Because the meaning of statutory language depends on context, a statute is to be read as a whole.” Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993). Section 6-5-546 is part of a comprehensive act specifically and strictly relating to legal claims arising from the delivery of medical services. We find no indication in the act that the “acts or omissions” referred to by the legislature in the second sentence of § 6-5-546 were intended to relate to anything other than acts or omissions occurring during the delivery of medical services. Thus, we must reject Royster’s contention that § 6-5-546 makes Walker County a proper venue for her claim against Dr. Kennedy and Dr. Deaton.
III.
We conclude that Dr. Kennedy and Dr. Deaton have established a clear legal right to have Royster’s claim against them transferred to the Jefferson Circuit Court and, therefore, we grant their petition for the writ *369 of mandamus. However, venue in Patricia Royster’s claim against the Walker County Commission, which is in effect a claim against Walker County, is controlled by Ala. Code 1975, § 6-3-11; therefore, as to that claim, venue is proper only in Walker County. See Ex parte Alabama Power Co., supra. Thus, the claim against Dr. Kennedy and Dr. Deaton must be severed and transferred to the Jefferson Circuit Court.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, INGRAM and BUTTS, JJ., concur.

. The petitioners contend that the Board of Trustees of the University of Alabama was dismissed from this case in February 1994. However, in considering a petition for a writ of mandamus, this Court does not have a trial court record available for review.

. In Millers Mut. Ins. Ass’n v. Young, 601 So.2d 962 (Ala.1992), this Court noted that Ala.Code 1975, § 25-5-11, created the right of a deceased employee's dependent to file an action alleging wrongful death and that § 25-5-11 must be harmonized with § 6-5-410, the wrongful death statute, so as to give effect to each law.