The Municipal Workmen's Compensation Fund, Inc. ("the Fund"), appeals from a summary judgment entered in favor of Edna Jolly, the Heil Company, Ingram Equipment Company, and the City of Gadsden.
Edna Jolly is the administratrix of the estate of Hugh McLeod. McLeod was seriously injured on April 15, 1993, when he was struck by a city garbage truck while he was working for the City of Centre. McLeod died on May 12, 1993, as the result of his injuries. Employees of the City of Centre are covered under a workers' compensation insurance program administered by the Fund. The Fund paid McLeod's medical expenses, pursuant to Ala. Code 1975, § 25-5-77(a). Those expenses exceeded $200,000.
Jolly sued the Heil Company, Ingram Equipment Company, and the City of Gadsden (collectively referred to as the "third-party defendants") for damages for wrongful death, under the provisions of Alabama's workers' compensation laws that allow third-party actions against tortfeasors. See Ala. Code 1975, §§ 6-5-410 and 25-5-11. Jolly alleged that the third-party defendants were involved in the manufacture, distribution, and sale of the garbage truck to the City of Centre.[1] The trial court allowed the Fund to intervene in Jolly's wrongful death action based on its subrogation claim for medical benefits paid on behalf of McLeod, but later entered a summary judgment in which it dismissed the Fund from the action, holding that Ala. Code 1975, § 25-5-11(a), "does not permit subrogation for medical benefits in connection with recovery in a wrongful death [action] where plaintiff may not claim or recover medical expenses, but rather, sues as personal representative and may only recover punitive damages."
The Fund argues on appeal that a workers' compensation insurance provider that has paid medical benefits on behalf of a covered employee is entitled to intervene in a wrongful death action filed against third parties by the employee's personal representative to recover the amount of medical benefits paid under the Workers' Compensation Act. The Fund contends that the trial court's judgment was erroneous because § 25-5-11(a) was specifically amended in 1992 to allow a workers' compensation provider the right to subrogation for medical benefits and because the punitive nature of the damages recovered in a wrongful death action is irrelevant to the provider's right to subrogation for benefits that are compensatory in nature.
Jolly and the third-party defendants argue that Alabama law does not require subrogation for medical expenses in a wrongful death case where the only damages that can be recovered are punitive in nature and where compensatory damages cannot be recovered from the tortfeasor. They also argue that if §25-5-11(a) does require subrogation for medical expenses in a wrongful death case, then the statute as amended is unconstitutional. They properly raised this argument before the trial court and served the attorney general with notice of their constitutional argument. The attorney general acknowledged service and waived further notice or participation in the action. See Ala. Code 1975, § 6-6-227; Terry v. City ofDecatur, 601 So.2d 949 (Ala. 1992).
 I. Whether Ala. Code 1975, § 25- 5-11(a), is Constitutional A. Equal Protection
Jolly[2] contends that § 25-5-11(a) is unconstitutional because, she argues, it violates her right to equal protection under the Alabama Constitution. "Sections 1, 6, and 22 of the Declaration of Rights combine to guarantee equal protection under the laws *Page 1232 
of Alabama. The guarantee of equal protection prohibits 'class legislation arbitrarily discriminatory against some and favoring others in like circumstances.' " Moore v. MobileInfirmary Association, 592 So.2d 156, 165 (Ala. 1991) (quotingOpinion of the Justices, 252 Ala. 527, 530, 41 So.2d 775, 777
(1949)) (footnote omitted). Jolly argues that the statute creates two classes of persons and treats those classes differently.
According to Jolly, the statute, as interpreted by the Fund, creates two classes: Class A, which is made up of the dependents and beneficiaries of employee decedents who die immediately without incurring medical expenses, and Class B, which is comprised of those dependents and beneficiaries of employee decedents who do not die immediately, but rather incur medical expenses prior to death. Jolly argues that these classes are treated differently because the members of Class A recover punitive damages from their wrongful death claims without those damages being subjected to a right of subrogation by the workers' compensation insurer, while the members of Class B, who are also restricted to only a punitive damages recovery, are subjected to subrogation for the amount of medical payments expended by the insurer. However, Jolly's argument fails because the statute does not create those classes; those classes come into existence as a result of the situation surrounding the death of the employee decedent. The only reason the members of Class A are not faced with the insurer's subrogation rights for medical payments is because no medical expenses were paid by the employer, and the insurer cannot be reimbursed if it has not expended funds. If the insurer had paid death benefits to a member of Class A, it would have the right to subrogation for those benefits, §25-5-11(a), regardless of the punitive nature of the damages recovered in the wrongful death case. Millers Mutual InsuranceAssociation v. Young, 601 So.2d 962, 963 (Ala. 1992). Accordingly, we hold that § 25-5-11(a) does not deny equal protection.
 B. Right to Trial by Jury
Jolly also argues that § 25-5-11(a) violates her right to a jury trial. That right is protected by Section 11 of Article I of the Alabama Constitution. Moore, 592 So.2d at 159. Section 11 forbids the " 'burdening, disturbing, qualifying, or tampering' " with the right to jury trial. Id. (quotingGilbreath v. Wallace, 292 Ala. 267, 271, 292 So.2d 651, 655
(1974)). The right to jury trial includes the right to have damages determined by a jury. Smith v. Schulte, 671 So.2d 1334,1343 (Ala. 1995), cert. denied, 517 U.S. 1220, 116 S.Ct. 1849,134 L.Ed.2d 950 (1996). Jolly's argument is that, by allowing subrogation in this instance, the court would be denying her the right to have a jury determine her damages. However, Jolly's argument appears to challenge the constitutionality of limiting her recovery to punitive damages under Alabama's wrongful death statute, not the allowance of subrogation under § 25-5-11(a). Her right to have her damages determined by a jury is not infringed by the insurer's right to subrogation. A jury will determine the amount of damages appropriate to punish the third-party defendants; that jury is not allowed to determine what amount of money is necessary to compensate Jolly or make her whole, and it is not permitted to consider medical expenses in determining its award. See, e.g., Estes Health CareCenters, Inc. v. Bannerman, 411 So.2d 109, 113 (Ala. 1982);Board of Trustees of the University of Alabama v. Harrell,43 Ala. App. 258, 260, 188 So.2d 555, 557 (1965), cert. denied,279 Ala. 685, 188 So.2d 558 (1966).
Jolly urges us to consider applying the principles ofPowell v. Blue Cross Blue Shield of Alabama, 581 So.2d 772
(Ala. 1990), to this case. Powell stands for the proposition that an insurer is not entitled to subrogation until the insured has been made whole for his loss. Powell, 581 So.2d at 777. However, Jolly fails to realize that, in light of the punitive nature of wrongful death actions, the question whether she has been made whole is irrelevant. In addition, the issue whether, under § 25-5-11(a), an insurer is entitled to subrogation from the proceeds of a wrongful death action has been decided. Millers Mutual, 601 So.2d at 963 (quoting LibertyMutual Insurance Co. v. Manasco, 271 Ala. 124, 127,123 So.2d 527 (1960)) (stating that an employer is entitled to subrogation " 'irrespective of the type of damages claimed in the complaint in the suit against the third *Page 1233 
party wrongdoer' "). We decline Jolly's invitation to limit the right of subrogation provided by the legislature in §25-5-11(a) and approved by our supreme court in Millers Mutual.
 C. Due Process
Jolly's final argument to support her claim that § 25-5-11(a) is unconstitutional is based on her right to due process. The right to due process is guaranteed by Sections 6 and 13 of Article I of the Alabama Constitution. That right is violated when a statute is vague, unreasonable, or overbroad. Ross NeelyExpress, Inc. v. Alabama Department of EnvironmentalManagement, 437 So.2d 82, 84 (Ala. 1983). Jolly contends that §25-5-11(a) is overbroad and unreasonable and is therefore unconstitutional.
For a statute to be void for overbreadth, the statute must achieve its object "by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." Ross Neely, 437 So.2d at 85. The object of § 25-5-11(a), in this case, is to allow an insurer to be reimbursed for compensation or medical expenses it has paid to an injured employee or to the dependents of a deceased employee. To achieve that object, the statute allows the insurer the right to subrogation for those amounts it has expended. Jolly fails to explain how the statute invades an area of protected freedom by simply allowing the insurer the right to be reimbursed. Therefore, we hold that §25-5-11(a), as applied in this case, does not violate the guarantees of due process and is not void for overbreadth.
 II. Whether the Fund has a Right to Intervene
The question whether § 25-5-11(a) allows an insurer to intervene in a wrongful death case has been decided by the Alabama Supreme Court. Millers Mutual Insurance Association v.Young, 601 So.2d 962 (Ala. 1992). Although Millers Mutual
concerned the recovery of death benefits paid on behalf of a deceased employee and was based upon the application of §25-5-11(a) before its amendment in 1992, the principles of that case bind us. The Fund has the right to intervene in Jolly's wrongful death action. Therefore, we reverse the trial court's judgment and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
[1] The City of Gadsden sold the garbage truck to the City of Centre.
[2] The third-party defendants, according to their brief, adopt Jolly's arguments concerning the constitutionality of the statute. Therefore, for ease of reading, in Part I of the opinion we will refer to Jolly and the third-party defendants as "Jolly."