736 So.2d 1104 (1999)
Ex parte MILLER AND MILLER CONSTRUCTION COMPANY, INC.
Miller and Miller Construction Company, Inc.
v.
Gary Wayne Madewell.
No. 1971933.
Supreme Court of Alabama.
March 19, 1999.
David M. Wilson and Nicholas W. Woodfield of Janecky, Newell, Potts, Wilson, Masterson & Smith, P.C., Birmingham, for petitioner.
J. Barton Warren, Huntsville, for respondent.
MADDOX, Justice.
Gary Wayne Madewell ("Madewell") was an employee of Miller and Miller Construction Company ("Miller"). On November 10, 1994, Madewell was injured during the course of his employment. Madewell subsequently instituted a workers' compensation *1105 action against Miller and a third-party action against various manufacturers of products that Madewell alleged had caused his injuries. Madewell settled the third-party action. In the workers' compensation action, Miller and Madewell both moved for a summary judgment. Each summary judgment motion was dependent on whether Miller had a right to subrogation as to future medical benefits Madewell was to receive as a result of the settlement in his third-party action. The trial court denied Miller's motion and granted Madewell's, thus holding that Miller did not have a right to subrogation to Madewell's future medical benefits. Miller appealed; the Court of Civil Appeals affirmed. Miller & Miller Constr. Co. v. Madewell, 736 So.2d 1098 (Ala.Civ.App.1998). This Court granted certiorari review.
Pursuant to this Court's reasoning in Ex parte BE&K Construction Company, 728 So.2d 621 (Ala.1998), the judgment of the Court of Civil Appeals is reversed and the cause is remanded with instructions to have the trial court conduct a hearing to determine, using equitable principles applicable to subrogation rights,[1] which part of Madewell's settlement is attributable to medical expenses. The Court of Civil Appeals should also instruct the trial court to enter an order allowing Miller to be subrogated to that portion of Madewell's third-party recovery that is attributable to the future medical expenses Miller would be legally required to pay. When the portion of the third-party recovery that is attributable to medical expenses is exhausted, Miller will then be required to resume payment of medical expenses.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and HOUSTON, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
KENNEDY and COOK, JJ., dissent.
COOK, Justice (dissenting).
I respectfully dissent. This case involves the identical issue presented in Ex parte BE&K Construction Co., 728 So.2d 621 (Ala.1998), in which I also dissented. Because I did not express my views in that case, I take this opportunity to do so.
These cases hold that Ala.Code 1975, § 25-5-11(a), allows an employer to suspend its payments for medical expenses of an employee who has settled with a third-party tortfeasor, until that portion of the settlement attributable to medical expenses has been exhausted. In other words, "where the injured employee recovers from a third-party tortfeasor, the amount of that recovery attributable to the employee's medical ... expenses should be exhausted before the employer or its workers' compensation insurer is obligated to resume payment of those expenses." Ex parte BE&K, 728 So.2d at 624. In order to arrive at this conclusion, the majority has contorted the text of § 25-5-11(a) and has ventured into an area that is the exclusive prerogative of the Legislature.
The relevant portions of § 25-5-11 provide:
"(a) If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in *1106 case of death, ... may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter.... If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid, and the employer's obligation to pay further compensation for permanent total disability shall be suspended for the number of weeks which equals the quotient of the total damage recovery, less the amount of any reimbursement for compensation already paid, divided by the amount of the weekly benefit for permanent total disability which the employee was receiving or to which the employee was entitled. For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee....
". . . .
"(e) In a settlement made under this section with a third party by the employee..., the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party. For purposes of the subrogation provisions of this subsection only, `compensation' includes medical expenses, as defined in Section 25-5-77, if and only if the employer is entitled to subrogation for medical expenses under subsection (a) of this section."
(Emphasis added.)
A cursory reading of these carefully drafted subsections reveals the distinction the Legislature made between the employer's liability for compensation and the liability for medical payments. More specifically, § 25-5-11(a) allows the employer a credit for compensation, calculated pursuant to a sophisticated formula. By contrast, § 25-5-11(a) provides that, for medical expenses, the employer is only to be "subrogated" to the amount of "benefits expended by the employer on behalf of the employee."
The "textbook" definition of "subrogation" is "[t]he right of one who has paid an obligation which another should have paid to be indemnified by the other." Presnell v. Kelly, 113 Idaho 1, 3, 740 P.2d 43, 45 (1987) (quoting Black's Law Dictionary 1279 (5th ed.1979)) (emphasis added); see Employers Casualty Co. v. Dyess, 957 S.W.2d 884, 886 (Tex.App.1997). Thus, by definition, the employer must pay medical expenses before it becomes "entitled to subrogation for medical ... benefits." It cannot merely withhold payment, or take a credit, as it can in the case of compensation. Indeed, if we needed any further proof that this is the result the Legislature intended, it is supplied in the phrase "expended by the employer." (Emphasis added.) By its use of the past tense, the Legislature reinforced the definition of "subrogation," as well as the notion that it intended to treat medical benefits differently *1107 than compensation.[2] This difference is remarkable.
"This Court is not permitted to `legislate by construction.'" House v. Cullman County, 593 So.2d 69, 75 (Ala.1992). Specifically, "where there is a `material alteration in the language used in the different clauses, it is to be inferred' that the alterations were not inadvertent." Id. In these cases, the majority has ventured into an area reserved for the Legislature. In that connection, Judge Yates noted:
"Minnesota, the state on whose act our Workers' Compensation Act is modeled, has enacted comprehensive legislation dealing with third-party liability. See Minn.Stat., § 176.061 (1996). When an employee has received workers' compensation benefits and has a third-party tort action, both the employee and the employer have a number of options available to them under § 176.061. See Folstad v. Eder, 467 N.W.2d 608 (Minn. 1991). Minn.Stat., § 176.061, subd. 6, provides a formula for the division of damages recovered by either the employee or the employer in an action against a third-party tortfeasor, including a credit against the remaining balance of any proceeds paid to the employee, after division of the proceeds pursuant to a formula, for any future benefits the employer may be obligated to pay. Additionally, Minn.Stat., § 176.061, subd. 7, provides a separate cause of action to the employer against the third-party tortfeasor to recover amounts that it has paid, or will be required to pay, for the employee's medical expenses. Finally, Minn.Stat., § 176.061, subd. 10, provides a right of indemnity to the employer for any compensation paid or payable under the chapter, including a right of indemnity for medical compensation."
Miller & Miller Constr. Co. v. Madewell, 736 So.2d 1098, 1102 (Ala.Civ.App.1998).
Perhaps Minnesota's system is one that Alabama should emulate. If so, however, it is a matter peculiarly within the prerogative of the Legislature, not that of this Court. I, therefore, dissent.
KENNEDY, J., concurs.
NOTES
[1] "The entire law of subrogation, conventional or legal, is based upon equitable principles. The equitable considerations that are the underpinnings of subrogation are (1) that the insured should not recover twice for a single injury, and (2) that the insurer should be reimbursed for payments it made that, in fairness, should be [made] by the wrongdoer." Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772, 774 (Ala.1990) (citations omitted); quoted in American Economy Ins. Co. v. Thompson, 643 So.2d 1350, 1352 (Ala.1994).
[2] Strangely, the majority in Ex parte BE&K, expressly declined to consider the obvious implication of the Legislature's use of the past tense. It stated:

"We can draw no inference from the statutory language or from the presumed purpose of the statute that would indicate that the Legislature, by using the word `expended,' intended to allow the employer subrogation as to those expenses it had already paid, but not as to those amounts it is legally required to `expend' in the future."
728 So.2d at 623 (emphasis added).