In case no. 2001250, the trial court in its order stated that the parties did not dispute the subrogation award made to Skilstaf by the trial court for medical expenses already paid. As in Ex parte BE K Construction Co., 728 So.2d 621 (Ala. 1998), therefore, the single issue presented is whether an employer is statutorily entitled to subrogation to recover medical-benefits payments it will be obligated to make in the future.
Both the availability of and the method of subrogation as to medical expenses are governed by our Supreme Court's decision inEx parte BE K Construction Co. In Ex parte BE KConstruction Co., the Supreme Court examined the applicable language of § 25-5-11(a), Ala. Code 1975, and concluded that the outcome in each case is to be controlled by equitable principles of subrogation. See also Ex parte Miller Miller Constr. Co.,736 So.2d 1104 (Ala. 1999). As the main opinion notes, the issue presented is a mixed question of law and fact. In most cases where the worker recovers from a third-party tortfeasor for his on-the-job injury and the evidence demonstrates that the worker has had, or will have, medical expenses, a portion of the recovery will be attributable to those medical expenses. I conclude that this is such a case.
While the evidence in this case indicates that the settlement agreement, by its terms, included "no allocation" for future medical expenses, I agree with the majority opinion that, for the reasons stated therein, the settlement agreement is not controlling. The potential subrogee with legal responsibility for paying medical expenses was not a party to that agreement. The future medical expenses will be significant and were known to the parties when they entered into their settlement. In addition, the record does not suggest any equitable defense to subrogation in this case. Applying equitable principles to the record before us, I conclude that a portion of the recovery in this case must be attributed by the court to the employee's medical expenses, both past and future. I therefore agree that this cause should be remanded to the trial court for it to reapportion *Page 924 
the settlement consistent with Ex parte BE K Construction Co.
In her special concurrence, Presiding Judge Yates expresses concern over the amount of the settlement proceeds with which the employee, Williams, will be left "[i]f Skilstaf is awarded or credited for at least $542,000 of the future medical expenses that Williams is anticipated to incur." 895 So.2d at 923. She expresses a "deep concern over the inherently unjust and unfair result" that she states "occurs in this case . . . as a result of the current status of the law in this area." 895 So.2d at 922. I do not share in that concern because, based upon the equitable principles of subrogation that constitute the current status of the law, I cannot assume that the result Presiding Judge Yates describes will obtain in this case.
The Supreme Court in Ex parte BE K Construction Co. stated that where an injured employee recovers from a third-party tortfeasor, "the amount of that recovery attributable to the employee's medical or vocational expenses" should be exhausted before the employer or its workers' compensation insurer is obligated to resume payment of those expenses. 728 So.2d at 624. The objective, according to the Supreme Court, is
 "to ensure that any recovery, whether by settlement or by trial, is fairly apportioned so as to designate how much of the recovery is attributable to medical (and vocational) expenses, both past and future. Therefore, it is in the capable hands of the trial judges presiding over the third-party actions to determine to their satisfaction the amount of each award in a third-party action to be attributed to the employee's medical (or vocational) expenses."
728 So.2d at 624. The Supreme Court concluded its opinion in Exparte BE K Construction Co. with the following mandate:
 "We reverse . . . and remand . . . to have the trial court conduct a hearing to determine, using equitable principles applicable to subrogation rights, which part of Bussen's settlement is attributable to his medical expenses and thereafter to enter an order allowing BE K subrogation as to that portion of Bussen's third-party recovery that is attributable to future medical expenses that BE K would be legally required to pay. When the portion of the recovery that is attributed to future medical expenses is exhausted, BE K will then be required to resume payment of medical expenses."
728 So.2d at 624. See also Ex parte Miller Miller Constr.Co., 736 So.2d at 1105 (reversing and remanding for a hearing to determine "which part of [the employee's] settlement is attributable to medical expenses"); 2 Terry A. Moore, AlabamaWorkers' Compensation § 21:59 (1998); 2 Terry A. Moore, AlabamaWorkers' Compensation §§ 21:68 and 21:68.50 (Supp. 2001). Seegenerally 73 Am.Jur.2d Subrogation §§ 1-6 and 10-17 (2001).
In light of the foregoing, I concur in the result reached by the majority in case no. 2001250.