This appeal involves a claim by a workmen's compensation insurance carrier for reimbursement of compensation benefits previously paid to the injured employee, following the employee's recovery of damages from a third party. The employee appeals from a judgment in favor of the insurer.
On March 15, 1979 appellant, Jo Ann Fitch, was injured while employed at Mason's Department Store. The employer's insurance carrier, Insurance Company of North America (INA), began paying temporary total disability benefits to Fitch as a result of her injury. Fitch subsequently filed a third-party lawsuit against Charles Wilson, a co-employee, alleging that his negligence had been the proximate cause of her injury. INA thereafter filed a motion *Page 1018 
to intervene in order to protect its right of reimbursement for benefits previously paid under § 25-5-11 (a), Code 1975. The motion to intervene was granted on August 21, 1980, and the case was set for trial in March 1981.
In February 1981 Fitch and defendant Wilson settled the lawsuit for $3,000.00. A consent judgment was entered for that amount and Wilson paid the sum into court. At that time, however, INA had not been informed of the entry of the consent judgment. Fitch filed a motion to compel distribution of the sum paid into court and, in May 1981, the clerk of the court disbursed the money to Fitch's attorney, even though the matter of distribution was still under advisement of the court.
Upon discovery of the settlement, INA filed a motion for relief from judgment on July 10, 1981. The motion was granted and the court entered a judgment finding that INA was entitled to recover the amount previously paid out as compensation benefits to Fitch. From that amount INA was obligated to pay its pro rata share of the attorney's fees and expenses of the third-party action, pursuant to § 25-5-11 (c), Code 1975. The judgment was later amended to correct a mathematical error. Fitch appeals from that judgment.
The issues on appeal concern INA's right to reimbursement of previously paid benefits under § 25-5-11 (a), and the payment of a pro rata share of attorney's fees and expenses under §25-5-11 (c). Section 25-5-11 provides:
 (a) . . . If the injured employee . . . recover damages against such other party, the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation . . . and the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death. . . .
. . . .
 (c) In any settlement made under this section with a negligent third party by the employee . . . the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party, either with or without a civil action, in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from such third party.
[Emphasis added.]
Fitch contends that the reimbursement claim of INA attaches only to the "net proceeds" of the damage recovery. Fitch and her attorney were operating under a fifty percent contingency fee arrangement, with Fitch having responsibility for the payment of pretrial expenses. She argues that this contingency fee, along with the expenses, should be deducted from her total recovery before INA's reimbursement claim attaches. As a result, Fitch would owe INA only $1,015.95, an amount less than the $2,170.79 in benefits paid to her under the compensation laws. This amount, offset by INA's portion of attorney's fees pursuant to § 25-5-11 (c), the amount of which the parties do not dispute, results in Fitch not owing INA anything.
INA, on the other hand, contends that its claim for reimbursement attaches to the entire $3,000.00 recovery, such that INA is entitled to recover the full amount paid by it to Fitch. This recovery, offset by INA's pro rata portion of attorney's fees and expenses, results in Fitch owing INA approximately $735.00.
We agree with INA's contention. We cannot support the view that damages "recovered and collected," as stated in § 25-5-11
(a), include only that amount which Fitch retains after payment of her attorney's fees. It is clear that the statute presupposes that the entire money judgment recovered, $3,000.00 in the present case, is the sum to which the insurer's claim for reimbursement attaches. Nowhere is it mentioned that only the "net" recovery, after payment of attorney's fees, is intended. The purpose behind § 25-5-11 (a) is to preclude *Page 1019 
the employee from recovering twice for the same injury. Orum v.Employers Casualty Co., 348 So.2d 792 (Ala.Civ.App. 1977). Fitch has already received $2,170.79 in compensation benefits from INA; she has also recovered a judgment of $3,000.00 from a third party for the same injury. To deduct her attorney's fees prior to reimbursing INA would in essence be to allow Fitch to benefit twice from her injury. Such is not allowed under the statute.
Further, § 25-5-11 (c), regarding payment by the insurer of a portion of the attorney's fees and expenses incurred in pursuing the third-party action, was drafted to ease the burden of expense to the employee in bringing the third-party action.Baggett v. Webb, 46 Ala. App. 666, 248 So.2d 275 (1971). Had the drafters of § 25-5-11 intended that attorney's fees be deducted from the third-party recovery before the insurer's right to reimbursement was computed, there would be no need for the inclusion of subsection (c) in the provision.
We therefore find that since INA had already paid Fitch the sum of $2,170.79 in the workmen's compensation benefits, INA is entitled to reimbursement of that amount from the $3,000.00 judgment recovered by Fitch against Wilson. Offset against this amount is INA's pro rata share of attorney's fees and expenses, figured pursuant to the formulas as contained in the statutory language of § 25-5-11 (c) and as explained in Jones and Brobston, The Employer's Liability for Attorney's Fees in ThirdParty Actions, 26 Ala. Law. 296 (1965):
Employer's Reduced Liability x — --------------------------- -------------------- Third Party Recovery = Attorney's fees 
expenses
 $2,170.79 x — ------------------------- -------------------- $3,000.00 = $1,500.00 + $484.05
x = $1,435.65
See also Baggett v. Webb, supra. Use of the above formula yields an amount of $735.14 to be refunded to INA from the third-party judgment recovered by Fitch. The trial court had determined that Fitch owed INA a net amount of $750.00. The mathematical error in the computation of the net amount owed to INA is corrected, and the trial court's judgment as corrected is affirmed.
Fitch also contends that the trial court had no authority to grant INA's motion to set aside the February 1981 consent decree and to enter a judgment granting INA's right to reimbursement. This contention is without merit. The decision whether to grant or deny a motion for relief from judgment pursuant to A.R.C.P. rule 60 (b) is within the sound discretion of the trial court, and the decision will be reversed on appeal only for abuse of that discretion. Textron, Inc. v. Whitfield,380 So.2d 259 (Ala. 1979); Pitts v. Henley, 384 So.2d 1105
(Ala.Civ.App. 1980). INA had intervened to assure its right of subrogation to a pro rata share of any recovery the employee might obtain from her co-employee and the trial court had recognized this right by order entered on August 21, 1980. Yet the clerk of the court distributed to the employee the entire settlement amount before the court could determine what if any portion of the settlement amount INA was due to receive. Certainly under this circumstance the trial court was authorized to void the distribution of the $3,000.00 to the employee and to determine the amount rightfully due the employee and INA. We find no abuse of discretion here.
Accordingly, the judgment of the trial court is affirmed as corrected.
AFFIRMED AS CORRECTED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1203