William Skinner (employee) sustained an on-the-job injury in March 1992, while employed at Lewis Trucking Company (employer). The employee was involved in a traffic accident which resulted in a severe injury to his right wrist. The employee received workmen's compensation benefits as a result of this on-the-job injury.
The employee retained an attorney to represent him in a personal injury action against Anthony Jones, the driver of the other vehicle that caused the accident. Old Republic Insurance Company, the workmen's compensation insurance carrier for the employer, was allowed to intervene in the employee's action against Jones.
The employee's personal injury action against Jones was settled in February 1993 for $37,500. Out of the $37,500 settlement, the employee paid $6,000 to the workmen's compensation insurance carrier as a compromise settlement of the carrier's subrogation interest for benefits paid through the time of settlement of the third-party action.
In December 1993 the employee filed a complaint for workmen's compensation benefits against the employer. The employer filed an answer. After a hearing in November 1994, the trial court issued an order in February 1995.
The trial court's order indicated that the two issues presented for its determination were the extent of the employee's disability and the effect that the third-party settlement had on the accounting between the parties. The trial court determined that the employee's ability to earn had been reduced by 67%. This portion of the trial court's order has not been appealed.
The employer appeals from that portion of the trial court's order which determined the effect that the third-party settlement had on the accounting between the parties.
The trial court indicated in its order that in addressing the issue of the effect that the third-party settlement had on the accounting between the parties, it was guided by Fitch v.Insurance Company of North America, 408 So.2d 1017, 1019
(Ala.Civ.App. 1981), and the formula used to compute the employer's liability for attorney fees under Ala. Code 1975, § 25-5-11(e), contained therein. The Fitch formula is stated as follows:
Employer's Reduced Liability X ____________________________ = _____________________________ Third Party Recovery Attorney's Fees Expenses
The trial court's order also provided, in pertinent part:
 "The settlement in this case in the third-party action, brought by other attorneys employed by the employee, resulted in a settlement of $37,500.00. The parties dispute the effect of this settlement. [The employee] claims that the amount of the attorney's fees should be first discounted. This is contrary to Fitch. . . .
 "[The employer] claims that no allowance for attorney fees should be made because the employer's carrier was allowed to intervene and the employee [paid] the carrier out of the settlement $6,000.00. It is clear to this court that the intervention was allowed because of some $9,000.00 previously paid, to which the carrier had a subrogation interest. The employer claims that, therefore, it should not be liable for any attorney fees incurred by the employee in respect to the third-party action. The court totally rejects this claim. For . . . it appears to this court, [that] the intervention contributed nothing to this [third-party] lawsuit. . . . The employer's carrier's attorney simply did nothing but protect the interest of the employer/carrier, and negotiated $6,000.00 out of the settlement. To allow a carrier/employer to intervene to protect its interest and then circumvent the statute regarding the payment *Page 698 
of attorney fees would be [abhorrent] to the legal system and totally contrary to the provisions of the Act. This said, we now look to the numbers.
 "The employer's reduced liability is the full amount of the settlement, $37,500.00. The third party recovery was $37,500.00. The contingent fee contract between the employee and his attorney was for one-third, and the total amount of the employee's attorney's fee was $13,500.00. . . . The net result of the application of the Fitch formula is that the employer is liable for 100% of the attorney's fee, or $13,500.00."
The employer contends on appeal that the trial court committed reversible error when it required the employer to share in the attorney fees and costs incurred by the employee in filing a third-party action against Jones.
Ala. Code 1975, § 25-5-11(e) provides, in pertinent part:
 "In a settlement made under this section with a third party by the employee . . ., the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party."
(Emphasis added.)
The employer admits that requiring anon-participating party to share the burden of the litigation which benefits the party is only fair. The employer argues that because it, through its workmen's compensation carrier, was aparticipating party, which incurred its own attorney fees and costs in the third-party action, it is not fair to require it to share in the attorney fees and costs incurred by the employee in pursuing the third-party action.
The employer points out that when our supreme court determined in Millers Mut. Ins. Ass'n v. Young, 601 So.2d 962
(Ala. 1992), that workmen's compensation insurance carriers should be allowed to intervene as of right, our supreme court certainly was aware of the costs that would be incurred in doing so. The employer further argues that our supreme court would not have allowed intervention as of right and then required additional payment of attorney fees under §25-5-11(e).
We do not find the employer's argument to be persuasive. We did not find any statement in our reading of Millers Mut. Ins.Ass'n which would seem to indicate that our supreme court would no longer apply § 25-5-11(e) in cases where the workmen's compensation insurance carrier intervened in the third-party action.
Additionally, we would note that our supreme court had previously stated in Maryland Casualty Co. v. Tiffin,537 So.2d 469 (Ala. 1988), that the workmen's compensation insurance carrier's liability for attorney fees under § 25-5-11(e) should be computed in accordance with the formula adopted in Fitch,408 So.2d 1017.
As previously noted, § 25-5-11(e) clearly provides that "the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party . . . in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party." Section 25-5-11(e) does not provide that it is not applicable in cases where the employer or the workmen's compensation insurance carrier has intervened in the third-party action. We must interpret 25-5-11(e) as it is written.
In light of the above, we find that the trial court correctly determined that the employer's liability for attorney fees under § 25-5-11(e) was $13,500.
We note that the employer contends that the trial court's arithmetic is incorrect. Put another way, the amount of the attorney fees, at best, should be $12,500. The state of the record is not such that we can find error. We do note that theFitch formula allows for "expenses."
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status *Page 699 
as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.