SAM A. BEATTY, Retired Justice.
Glenn Strickland appeals from the trial court’s denial of a post-judgment motion in his workers’ compensation case. We reverse and remand.
Strickland was employed by Riddle Bradley, Inc. He was injured on September 24, 1992, during the course of his employment, when a vehicle owned by Crown Energy Insulation, Inc., struck the vehicle he was driving. Strickland sued Riddle Bradley to collect workers’ compensation benefits; he also sued Crown in a third-party action pursuant to § 25-5-11, Ala.Code 1975. Aetna Casualty & Surety Company, the workers’ compensation insurance carrier for Riddle Bradley, intervened in the third-party action to protect its subrogation rights as to approximately $72,000 in workers’ compensation benefits it had paid to Strickland.
Strickland settled both cases. In the third-party action, Crown paid $450,000 to Strickland, who in turn agreed to satisfy Aetna’s subrogation claim. In the workers’ compensation action, Strickland agreed to accept $40,000 from Riddle Bradley “in lieu of all workers’ compensation benefits and all workers’ compensation medical benefits ... except future medical benefits related to his claimed neck injury alone.” Riddle Bradley agreed to accept $60,000 from the proceeds of Strickland’s settlement of his third-party action in satisfaction of Aetna’s subrogation claim. The trial court approved the workers’ compensation settlement and entered a final judgment based upon its terms. That judgment stated: “The monies to be paid to the employer [are its] net recovery without deducting any attorney fees for the employee’s attorney’s efforts to recover same.”
Strickland’s attorney, Lister Proctor, then filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., requesting that the trial court grant a new trial or that it alter, amend, or vacate the judgment. Proctor asked the trial court to award an attorney fee to him from Aetna as provided for in § 25-5-11(e), Ala.Code 1975. Section 25-5-ll(e) allows an attorney to be compensated for his efforts in a third-party action that reduces an employer’s liability to pay future workers’ compensation benefits. Both Riddle Bradley *786 and Aetna, “acting with or in the name of its insured, Riddle Bradley, Inc.,” opposed Proctor’s post-judgment motion. The trial court’s order denying the post-judgment motion stated: “While the movant, Lister Proctor, Esquire, may have a valid claim against Aet-na Insurance, neither are parties hereto. If a compensable claim exists, a separate, independent claim must be filed.”
Strickland argues that the trial court erred in denying his post-judgment motion because the court did not address the issue raised therein, i.e., whether his attorney was entitled to a fee pursuant to § 25-5-11(e), Ala.Code 1975. Our review of the trial court’s ruling is limited to whether there has been an abuse of discretion. Such an abuse exists only if there has been a breach of a legal right and if the record plainly shows the trial court to be in error. Kent v. Kent, 624 So.2d 599 (Ala.Civ.App.1993).
The Alabama Workers’ Compensation Act allows a trial court to award a fee to the attorney representing an employee who is awarded benefits under that Act. See § 25-5-90, Ala.Code 1975. As our supreme court stated in Ex parte St. Regis Corp., 535 So.2d 160, 163 (Ala.1988), “[o]nce the employee’s benefits have been determined, the law clearly defines the boundaries within which the trial court has freedom to award the attorney fee.” The attorney is not a party to the action in which such an award is made. If the employee seeks damages from a third party, the employer may be liable for a portion of any fee earned by the employee’s attorney. Section 25-5-11(e), Ala.Code 1975, states:
“In a settlement made under this section with a third party by the employee ..., the employer shall be liable for that part of the attorney’s fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer’s liability to pay compensation bears to the total recovery had from the third party.”
There is no requirement that the employee’s attorney be a party to the action in order to have the trial court establish his or her fee, nor is there any necessity for the attorney to file a separate action for that purpose. Likewise, the workers’ compensation insurance carrier for the employer is not required to be a party in order to have the trial court compute its liability for its share of any fee awarded to the employee’s attorney. See Maryland Cas. Co. v. Tiffin, 537 So.2d 469 (Ala.1988); Lewis Trucking Co. v. Skinner, 671 So.2d 696 (Ala.Civ.App.), cert. denied, 671 So.2d 699 (Ala.1995).
An attorney for an injured employee who files a third-party action clearly is entitled to have the trial court determine any attorney fee due to him or her pursuant to § 25-5-11(e). The trial court abused its discretion in denying, on the basis that Proctor and Aetna were not parties to the action, Proctor’s post-judgment request that the court make that determination.
Riddle Bradley argues that the trial court did not abuse its discretion because, it argues, as a result of the terms of Strickland’s settlements in the two cases, Proctor was not entitled to an attorney fee. That argument goes to the merits of Proctor’s claim, a claim the trial court has not yet adjudicated. Any argument regarding the merits of the claim is premature and is not before us for review. Hen House, Inc. v. Robertson, 410 So.2d 42 (Ala.1982). We do not consider whether Proctor may prevail, but hold only that the trial court should have addressed his claim for an attorney fee.
The order denying the post-judgment motion, therefore, is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.