766 So.2d 855 (2000)
MILLER AND MILLER CONSTRUCTION COMPANY, INC.
v.
Gary Wayne MADEWELL.
2981452.
Court of Civil Appeals of Alabama.
March 31, 2000.
David M. Wilson and Jonathan L. Berryhill of Janecky Newell, P.C., Birmingham, for appellant.
J. Barton Warren, Huntsville, for appellee.
MONROE, Judge.
This case has been before this court previously. See Miller & Miller Constr. Co. v. Madewell, 736 So.2d 1098 (Ala.Civ. App.1998). In the previous appeal, Gary Wayne Madewell ("the employee") had moved for a summary judgment, contending that he was entitled to future medical benefits, pursuant to § 25-5-77, Ala.Code 1975. Miller and Miller Construction Company, Inc. ("the employer"), also had moved for a summary judgment, contending that the employee must exhaust all the proceeds from the settlement of his products-liability claim against third-party defendants before the employer would be liable for any future medical benefits. The trial court entered a summary judgment in favor of the employee, and the employer appealed. The sole issue in the prior appeal was "whether the court erred in entering a summary judgment in favor of [the employee] on his claim for future medical benefits." Miller & Miller Constr. Co., 736 So.2d at 1099. This court affirmed the trial court's summary judgment in favor of the employee.
*856 However, our supreme court reversed the judgment and remanded the case to this court
"with instructions to have the trial court conduct a hearing to determine, using equitable principles applicable to subrogation rights, which part of [the employee's] settlement is attributable to medical expenses. The Court of Civil Appeals should also instruct the trial court to enter an order allowing [the employer] to be subrogated to that portion of [the employee's] third-party recovery that is attributable to the future medical expenses [the employer] would be legally required to pay."
Ex parte Miller & Miller Constr. Co., 736 So.2d 1104, 1105 (Ala.1999) (footnote omitted). In a footnote, our supreme court referred to Powell v. Blue Cross & Blue Shield, 581 So.2d 772, 774 (Ala.1990), as the caselaw governing subrogation rights. This court followed our supreme court's instructions on remand. See Miller & Miller Constr. Co. v. Madewell, 736 So.2d 1107 (Ala.Civ.App.1999).
On remand, the trial court conducted a hearing in August 1999 "to determine, using equitable principles applicable to subrogation rights, which part of [the employee's] settlement with the third party is attributable to future medical expenses." The trial court, relying upon Powell, 581 So.2d at 774, found that the employee's $400,000 settlement with the third-party defendant did not "equitably or fully compensate [the employee] for the injuries he sustained on November 10, 1994," and that "no portion of the $400,000.00 settlement is attributable to future medical costs." The trial court denied the employer's subrogation claim.
The employer appeals, contending that the trial court erred in applying the "made-whole" provisions of Powell, 581 So.2d 772; that the trial court erred in considering evidence of the employee's current physical and vocational impairments arising after the trial court's final order of September 1997, assigned the employee a 56% vocational impairment rating and loss of earning capacity; and that the trial court erred when it failed to make specific findings in accordance with the Workers' Compensation Act, as to the employee's expected future medical costs.
When the trial court conducted its August 1999 hearing, Powell, 581 So.2d 772, was the caselaw governing subrogation rights. However, in Ex parte State Farm Fire & Casualty Co., 764 So.2d 543 (Ala. 2000), our supreme court overruled Powell, 581 So.2d 772, and other cases that apply the Powell rule. Thus, because the trial court in the present case applied Powell, which has since been overruled, we must reverse the trial court's judgment and remand for proceedings consistent with this opinion.
Additionally, we note that in its September 1997 order, the trial court determined that "the [employee] has sustained a 56% loss of earning capacity and corresponding vocational disability." The employee did not appeal this determination, and thus, is bound by it. Provident Life & Accident Ins. Co. v. Hanna, 294 Ala. 37, 311 So.2d 294 (1975). On remand, the trial court should exclude any testimony regarding the employee's current vocational or physical condition, because these issues were definitively resolved by the trial court's judgment entered in September 1997.
The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.
CRAWLEY, Judge, concurring in the result.
I concur in the reversal of the trial court's judgment because, as this court has previously held, an employer does not have to prove that the employee has been fully *857 compensated for his injuries before pursuing subrogation under Ala.Code 1975, § 25-5-11(a). River Gas Corp. v. Sutton, 701 So.2d 35, 38 (Ala.Civ.App.1997).
ROBERTSON, P.J., concurs.