On April 10, 1995, Bobby Ayers was injured while working in the line and scope of his employment with Cavalier Homes of Alabama, a division of Cavalier Manufacturing, Inc., in Winston County. Ayers was struck in his spine by a nail shot from a pneumatic nail gun being operated by a coworker. Apparently, Ayers was bent over with his back to the coworker. The coworker was operating a pneumatic nail gun manufactured by Duo-Fast Corporation. When Ayers stepped back, the nail gun touched his back; it accidentally fired and injured Ayers's thoracic spine. Ayers is now totally and permanently disabled because of the spinal-cord injury.
In 1996, Ayers sued Duo-Fast and four individuals he described as "supervisory employees or executive officers" of Cavalier. He stated a products-liability claim against Duo-Fast and alleged, pursuant to §25-5-11, Ala. Code 1975, that the individual coemployee defendants had engaged in willful conduct that resulted in or proximately caused his injury. In November 1997, the trial court entered summary judgments in favor of the individual defendants. While Ayers's third-party liability action against Duo-Fast was pending, he filed a workers' compensation action against Cavalier. In April 1998, pursuant to § 25-5-11, the trial court allowed Cavalier to intervene in the case against Duo-Fast to protect its subrogation interest in the medical expenses and compensation benefits it had paid to or on behalf of Ayers and which were a part of Ayers's damages claim against Duo-Fast.
The parties engaged in a mediation settlement conference on May 29. At this conference, Duo-Fast and Cavalier agreed that Duo-Fast would reimburse Cavalier directly for the medical expenses and benefits Cavalier had paid to and on behalf of Ayers as of the date of the mediation conference. At the time of the mediation conference, Cavalier's subrogation interest was approximately $70,000. On June 26, Cavalier settled the workers' compensation case with Ayers for $35,000, and that settlement was approved by the trial court. Duo-Fast then agreed to reimburse Cavalier a total amount of $105,000. On August 7, Duo-Fast sent a check to Cavalier, and the president of Cavalier executed a release in favor of Duo-Fast.
On August 14, Cavalier moved to dismiss its complaint in intervention and the trial court entered the following order:
 "This cause coming on to be heard upon the Intervenor/Plaintiff's Motion to Voluntarily Dismiss its Complaint of Intervention seeking subrogation for workers' compensation benefits paid to the Plaintiff, Bobby Ayers, for an injury he sustained during and in the course of his employment with the Intervenor/Plaintiff *Page 212 
and the Intervenor/Plaintiff making it known to the Court that it has negotiated with the Defendant, Duo-Fast Corporation, and together both parties have resolved the Intervenor/Plaintiff's claims for subrogation in this cause and upon consideration of the matters contained therein, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED that said motion is GRANTED and that all of the Intervenor/Plaintiff's claims made in its Complaint of Intervention in this cause are hereby dismissed, without prejudice."
On October 9, Ayers filed a motion for an attorney fee pursuant to § 25-5-11(e). That section provides:
 "In a settlement made under this section with a third party by the employee . . ., the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party."
In his motion, Ayers alleged that Cavalier had refused to acknowledge its liability to his attorneys and had refused to pay them its proportionate share of the fees and expenses incurred in bringing the third-party liability action against Duo-Fast.
On October 23, Ayers and Duo-Fast reached an agreement, and on November 10, they entered into a written settlement agreement whereby, in consideration for the sum of $750,000 paid to Ayers, he dismissed his case against Duo-Fast, with prejudice.
On March 1, 1999, the trial court entered the following order denying Ayers's motion for an attorney fee:
 "This cause coming on to be heard upon the motion of the Plaintiff for attorney's fees and said motion being argued by the parties on or about November 9, 1998, and upon consideration of the above and foregoing, it is hereby ORDERED, ADJUDGED and DECREED as follows:
"FINDINGS OF FACT
 "On or about October 27, 1997 [sic], the Plaintiff filed an action seeking recovery from Duo-Fast Corporation alleging that it had negligently manufactured and/or designed a pneumatic nail tool which proximately caused the injuries he sustained on or about April 10, 1995. During the pendency of this action, the Plaintiff also filed a Workers' Compensation claim in the Circuit Court of Marion County, Alabama, on or about April 10, 1997, against Cavalier. Thereafter, the Plaintiff and Cavalier reached an agreement to settle the Workers' Compensation case for the sum of Thirty Five Thousand and No/100 ($35,000.00) Dollars. After this settlement agreement was approved by the Marion County Circuit Court, Cavalier and Duo-Fast entered into an agreement whereby Duo-Fast reimbursed Cavalier directly for its subrogation interest. This agreement was consummated on or about August 10, 1998, whereby Duo-Fast paid directly to Cavalier the sum of One Hundred Five Thousand and No/100 ($105,000.00) Dollars. The final order was executed by this Court on August 14, 1998, dismissing Cavalier's Complaint for Intervention in this case without prejudice.
 "The Plaintiff's Motion for Attorney's Fees was filed on or about October 12, 1998, more than forty-two (42) days after the date of the above-mentioned order. This cause was settled between Duo-Fast and Mr. Bobby Ayers after the settlement agreement was reached between Cavalier and Duo-Fast. The date of the settlement between Bobby Ayers and Duo-Fast was October 23, 1998.
 "It is therefore ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion for Attorney's Fees is hereby DENIED in that the settlement *Page 213 
between Duo-Fast and Cavalier was not made pursuant to Alabama Code Section 25-5-11(e). The Court finds that given a literal reading and meaning of this particular section of the Alabama Workers' Compensation Act, an employee is only entitled to the payment of an attorney's fee by the employer when a settlement is made under this section by a third party directly to the employee. In this case, the sums Cavalier received in satisfaction of its subrogation interest were paid directly to Cavalier Homes by Duo-Fast Corporation. These sums were not part of any settlement made between Duo-Fast and the employee, nor were these monies paid to the employee by Duo-Fast Corporation. The Court further finds that because the agreement between Cavalier and Duo-Fast pre-dated the settlement between Duo-Fast and the Plaintiff, the sums paid to Cavalier were not paid pursuant to Section 25-5-11(e) of the Code of Alabama (1975) and therefore the relief sought by the Plaintiff is hereby DENIED."
On March 3, the trial court entered an order dismissing the action because the claims had been settled by the parties. Ayers then appealed from the order denying his request for an attorney fee.
 I.
We first address an issue that is not discussed by anyone connected with this appeal: Who are the parties to this appeal? Ayers's notice of appeal names Duo-Fast as the only appellee. Nevertheless, Cavalier has filed an appellee's brief in which it designates itself as "Intervenor/Appellee." Duo-Fast has not filed a brief, but has merely filed a letter addressed to the clerk of this Court, in which it stated its opinion that the dispute that is the subject of the appeal is between Ayers and Cavalier.
Rule 3(c), Ala.R.App.P., states:
 "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Such designation of judgment or order shall not, however, limit the scope of appellate review.
 "If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court."
Rule 3(c) does not address the appellant's designation of an appellee or appellees in the notice of appeal. Rule 3(d), however, requires the clerk of the trial court to serve a copy of the notice of appeal to the "counsel of record for each party, or, if a party is not represented by counsel, to the party at the party's last known address." Ayers's notice of appeal included what he designated as an "attachment to notice of appeal" containing a "Listing of Attorneys for CERTIFICATE OF FILING." This attachment contained the names and address of the attorneys "[r]epresenting Appellee Duo-Fast Corp.," and the name and address of Jonathan B. Lowe of Lowe, Mobley Lowe, "[r]epresenting Intervenor Cavalier Homes of Alabama, Inc." In the portion of the docketing statement that requests an appellant to list the "PARTY/PARTIES APPEALED AGAINST (Appellee)," Ayers typed "SEE ATTACHMENT." That form included what Ayers designated as an "attachment to docketing statement," which stated:
"II. Party/Parties Appealed Against (Appellee):
 "The appellee is Duo Fast Corporation, which is represented by:
"Charles E. Sharp . . . .
 "While not an appellee, as an Intervenor Cavalier Homes of Alabama, Inc., may have some interest in this appeal. Cavalier is represented by:
"Jonathan B. Lowe . . . ." *Page 214 
The case action summary sheet reflects that the clerk of the trial court served a copy of the notice of appeal on, among others, Jonathan B. Lowe, counsel for Cavalier. Furthermore, as noted above, this Court's records reflect that Cavalier considers itself to be an appellee in this case. In light of all of the foregoing, we conclude that Cavalier is an appellee in this case and that Ayers's failure to name Cavalier as an appellee in his notice of appeal is not a significant defect that could have rendered the appeal a nullity. See Ex parte Singleton, 475 So.2d 186
(Ala. 1985).
 II.
We next address Cavalier's contention that this appeal is due to be dismissed pursuant to Rule 4(a)(1), Ala.R.App.P., because, it argues, Ayers did not file a notice of appeal within 42 days of the date the trial court dismissed Cavalier's complaint intervening in this cause. Cavalier argues that the order entered by the trial court on August 14, 1998, was a final judgment, in accordance with Rule 54, Ala.R.Civ.P., and that in that order the court dismissed Cavalier's claims for subrogation. This order, Cavalier argues, completely adjudicated all claims, rights, and/or potential liabilities Cavalier may have had; therefore, Cavalier says, Ayers should have filed a notice of appeal on or before September 25, 1998. Ayers filed his notice of appeal on April 9, 1999.
Rule 54(b), Ala.R.Civ.P., states:
 "When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . [I]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
(Emphasis added.) The trial court's August 14 order did not contain the language required by Rule 54(b) to permit an otherwise interlocutory order to be made a final judgment. Therefore, the August 14 order did not terminate the action as to any party or claim, it was subject to revision at any time before the entry of the final judgment on March 3, 1999, and it would not have supported an appeal until after March 3. See, also, McGlothlin v. First Alabama Bank, 599 So.2d 1137 (Ala. 1992). Ayers's notice of appeal was timely filed.
 III.
We now turn to Ayers's contention that § 25-5-11(e) requires that Cavalier pay a pro rata share of the attorney fee incurred in bringing and settling the third-party action against Duo-Fast. Ayers contends that by entering into a settlement directly with Duo-Fast and receiving reimbursement for its subrogation interest directly from Duo-Fast, Cavalier has attempted to circumvent the procedure envisioned in §25-5-11(e). Cavalier argues that because it effected its own settlement with Duo-Fast, it should not be required to pay any portion of Ayers's attorney fee in the third-party action.
The trial court agreed with Cavalier, holding that Ayers would have been entitled to a pro rata share of his attorney fee from Cavalier only in the case of a settlement payment "by a third party directly to the employee." The payment made to Cavalier by Duo-Fast was not part of the settlement between Duo-Fast and Ayers, the trial court said, "nor were these monies paid to [Ayers] by Duo-Fast." The trial court also stated that "because the agreement between Cavalier and Duo-Fast pre-dated the settlement between *Page 215 
Duo-Fast and [Ayers,] the sums paid to Cavalier were not paid pursuant to Section 25-5-11(e)."
Section 25-5-11 is an exception to the exclusivity provisions of Alabama's Workers' Compensation Act. It provides that an employee who is injured in the line and scope of his employment may maintain an action against a third party who may be jointly liable with the employer for his injury. Padgett v. Neptune Water Meter Co., 585 So.2d 900 (Ala. 1991). That third party may be a coemployee[1] or may be an unrelated party. In this case, Ayers was allowed to maintain an action against an unrelated party, Duo-Fast, the manufacturer of the nail gun that injured him at work. If the injured employee recovers damages against the third party, then § 25-5-11(a) requires that the amount of the damages collected "be credited upon the liability of the employer for compensation." If the employee does not institute such a third-party action, then § 25-5-11(d) allows the employer an additional six months in which to bring a civil action against the other party for damages because of the injury to the employee.
Section 25-5-11(e) provides a mechanism by which an attorney can be compensated for his efforts in a third-party action that reduces an employer's liability to pay future workers' compensation benefits.Strickland v. Riddle Bradley, Inc., 698 So.2d 784 (Ala.Civ.App. 1997). The Court of Civil Appeals has addressed this issue in a case in which an employer and its workers' compensation insurance carrier sought to avoid liability for attorney fees under § 25-5-11(e) by intervening in the third-party action. In rejecting their argument, the court stated:
 "The employer admits that requiring a nonparticipating party to share the burden of the litigation which benefits the party is only fair. The employer argues that because it, through its workmen's compensation carrier, was a participating
party, which incurred its own attorney fees and costs in the third-party action, it is not fair to require it to share in the attorney fees and costs incurred by the employee in pursuing the third-party action.
 "The employer points out that when our supreme court determined in Millers Mut. Ins. Ass'n v. Young, 601 So.2d 962 (Ala. 1992), that workmen's compensation insurance carriers should be allowed to intervene as of right, our supreme court certainly was aware of the costs that would be incurred in doing so. The employer further argues that our supreme court would not have allowed intervention as of right and then required additional payment of attorney fees under § 25-5-11(e).
 "We do not find the employer's argument to be persuasive. We did not find any statement in our reading of Millers Mut. Ins. Ass'n which would seem to indicate that our supreme court would no longer apply § 25-5-11(e) in cases where the workmen's compensation insurance carrier intervened in the third-party action.
". . . .
 "As previously noted, § 25-5-11(e) clearly provides that `the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party . . . in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party.' Section 25-5-11(e) does not provide that it is not applicable in cases where the employer or the workmen's compensation insurance carrier has intervened in the third-party action. We must interpret [§] 25-5-11(e) as it is written." *Page 216 
Lewis Trucking Co. v. Skinner, 671 So.2d 696, 698 (Ala.Civ.App.), cert.denied, 671 So.2d 699 (Ala. 1995). We agree with the Court of Civil Appeals' reasoning in Lewis Trucking, and we apply that reasoning to this case, where Cavalier attempts to avoid the effect of §25-5-11(e) not only by intervening in Ayers's third-party action, but also by entering into a settlement agreement with Duo-Fast separate and apart from the settlement agreement between Duo-Fast and Ayers.[2]
We do not agree that a literal reading of § 25-5-11(e) excuses Cavalier from paying a pro rata share of Ayers's attorney fees just because Cavalier received proceeds that were paid directly to it by a third-party tortfeasor. We base our conclusion not only on the reasoning in Lewis Trucking, but also on the facts set forth in the pleadings and settlement documents in this case. In his complaint, Ayers alleged that he had been permanently injured; that he "was caused and will be caused in the future" to pay medical expenses "in . . . an effort to heal and cure his injuries"; and that he "was caused to lose time from his employment, thereby sustaining a loss of earnings." As previously noted, Ayers sought damages from Duo-Fast that included the medical expenses and benefit payments made to him and on his behalf and as to which Cavalier intervened to protect a subrogation interest.
The release Cavalier executed to Duo-Fast itself refers to the discharge of liens in intervention: "Cavalier understands and agrees that the payment to it as recited above is in settlement and compromise of claims and/or liens it has made as an intervenor, which said claims and/or liens Duo-Fast denies any liability for paying; [and thatDuo-Fast] intends merely by this disposition of the workers'compensation lien to further the settlement process." (Emphasis added.) The settlement process referred to in the release has to relate to the settlement of the entire controversy; hence, the settlement between Cavalier and Duo-Fast, by its own terms, is tied to the claims of Ayers against Duo-Fast. Indeed, the settlement between Cavalier and Duo-Fast disposes of a part of Ayers's claims against Duo-Fast, to which Cavalier was subrogated.
The release Ayers executed to Duo-Fast obligates Ayers to satisfy any liens: "That it is . . . mutually understood and agreed that thisRelease includes any and all liens and encumbrances, and if any such liens or encumbrances exist, medical or otherwise, the undersigned represents that he will satisfy said liens or encumbrances out of the proceeds of this settlement." (Emphasis added.) The liens referred to would include any rights of Cavalier in the proceeds.
The Cavalier/Duo-Fast settlement agreement cannot logically be fragmented from "the settlement process." Cavalier received the benefit
contemplated by § 25-5-11 because, as a result of Ayers's third-party action, Cavalier was fully reimbursed by Duo-Fast for the $105,000 Cavalier had disbursed in medical expenses and compensation-benefit payments made to and on behalf of Ayers and which constituted part of Ayers's claim against Duo-Fast. Because Cavalier, standing in Ayers's shoes, settled and then received that benefit, the statute also contemplates that it must share, on a pro rata basis, in the obligation to compensate Ayers's counsel, who brought the action that ultimately allowed Cavalier to fully recoup its subrogation interest.[3] *Page 217 
Considering all of the foregoing, we conclude that these settlement agreements, arising in the same lawsuit and internally linked one to the other, are sufficiently intertwined to constitute "a settlement made under this section [§ 25-5-11(e)] with a third party [Duo-Fast] by the employee [Ayers]." To exclude the portion reflecting settlement of Cavalier's subrogated interest in Ayers's claim against Duo-Fast on the ground that Ayers was not a party to the settlement instrument would exalt form over substance. Therefore, Cavalier "shall be liable for that part of the attorney's fees incurred in the settlement with [Duo-Fast] . . . in the same proportion that the amount of the reduction in [Cavalier's] liability to pay compensation bears to the total recovery [of $855,000] had from the third party." § 25-5-11(e). The trial court erred in denying Ayers's request to have Cavalier pay its share of the attorney fee due in this case. The order denying that request is hereby reversed, and the cause is remanded only as to the claim of Ayers against Cavalier. The trial court shall calculate Cavalier's pro rata share of the attorney fee due Ayers's counsel pursuant to the formula adopted by the Court of Civil Appeals in Fitch v. Insurance Co. of NorthAmerica, 408 So.2d 1017 (Ala.Civ.App. 1981), and approved by this Court in Maryland Casualty Co. v. Tiffin, 537 So.2d 469 (Ala. 1988).
REVERSED AND REMANDED WITH DIRECTIONS.
Hooper, C.J., and Maddox, Houston, Cook, See, Brown, Johnstone, and England, JJ., concur.
[1] In order for a worker to be able to maintain a third-party action against a coemployee, of course, the coemployee's actions giving rise to the claim must have been willful. See § 25-5-11.
[2] Like the employer in Lewis Trucking, Cavalier argues that it should not be required to pay a portion of the worker's attorney fee because, it says, its settlement agreement with the third party was the result of its own efforts and the work of its own attorneys. As the Court of Civil Appeals did in Lewis Trucking, we reject that argument.
[3] Cavalier also argues that the trial court's denial of Ayers's request for an attorney fee prevented Ayers from enjoying the windfall of a double recovery. We do not see how requiring an employer to pay a pro rata share of the employee's attorney fee in a case where the employer has recouped all of the medical expenses and compensation benefits paid to the employee could constitute a double recovery for the employee. Section 25-5-11, by its very terms, provides for reimbursement of all expenditures made by the employer, in order to prevent the employee from receiving the windfall of both workers' compensation benefits and all of the damages obtained in a third-party action. The employer cannot be heard to complain of a windfall when the employee seeks attorney fees in the action that gave rise to the reimbursement of the employer for its subrogated interest in the employee's claim against a third party.