The saga continues. For the fifth time, we are confronted with an appeal in which it is contended that the trial court has erred in determining a claim made by Miller and Miller Construction Company, Inc. ("the employer"), to subrogation as to funds recovered by its employee, Gary Wayne Madewell ("the employee"), in a separate third-party tort action. See Miller MillerConstr. Co. v. Madewell, 736 So.2d 1098 (Ala.Civ.App. 1998) (per Yates, J., with two judges concurring in the result), rev'd, Exparte Miller Miller Constr. Co., 736 So.2d 1104 (Ala. 1999) ("Miller I"); Miller Miller Constr. Co. v. Madewell,766 So.2d 855 (Ala.Civ.App. 2000) ("Miller II"); Miller MillerConstr. Co. v. Madewell, 829 So.2d 778 *Page 735 
(Ala.Civ.App. 2002) ("Miller III") (per Pittman, J., with one judge concurring and two judges concurring in the result); andMiller Miller Constr. Co. v. Madewell, 878 So.2d 1171
(Ala.Civ.App. 2003) ("Miller IV").
The full procedural history of this case is no longer susceptible to a concise summary, and it is in large measure no longer pertinent to the few remaining issues; thus, we refer those readers desiring a fuller understanding of the case to the previous reported opinions cited above. Suffice it to say that inMiller IV our detailed mandate directed the trial court on remand to perform the following tasks:
 (1) calculate the employer's gross future-medical-expense credit by (a) dividing the "net third-party recovery from Kaydon" ($388,075.40) by "the proper amount of the employee's potential third-party damages," a figure equaling $922,493.78 plus the amount of any future medical expenses, which can be obtained by considering "the annual amount of the employee's medical expenses multiplied by his life expectancy" of 34.7 years, and then (b) multiplying the amount of employee's future medical expenses by that quotient (i.e., the "recovery fraction") (see Miller IV, 878 So.2d at 1180);
 (2) calculate the employer's net future-medical-expense credit by subtracting from the gross future-medical-expense credit "the employer's pro rata share of the attorney fees and costs reasonably incurred in the employee's third-party action," a share that, we said, could be ascertained by determining the variable "X" in the following formula:
Employer's reduced liability = X 
Third-party recovery Atty. Fees Expenses
(see Miller IV, 878 So.2d at 1180-81); and
 (3) add the $11,924.67 in past medical expenses previously repaid to the employer's insurance carrier to the net future-medical-expense credit to obtain "the proper aggregate amount of the employer's credit" as to the employee's medical expenses (see Miller IV, 878 So.2d at 1181).
On remand, the trial court entered a judgment on January 21, 2004, that by and large is in conformity with our mandate inMiller IV. In that judgment, the trial court determined that the employee's future medical expenses would total $128,475.01. Adding that figure to the employee's other hypothetical third-party damages of $922,493.78 indicates that the trial court has now determined the proper amount of the employee's potential third-party damages to be $1,050,968.79, which is considerably different from the $1,581,283.80 figure that we concluded to be erroneous in Miller IV. Dividing the $388,075.40 net recovery from Kaydon by the new potential third-party damages figure of $1,050,968.79 results in a "recovery fraction" that, expressed as a percentage, equals approximately 37 percent, and the trial court computed the employer's gross future-medical-expense credit to be $47,535.75.
The employer has again appealed; however, its current appeal does not challenge the trial court's determinations of the employee's potential third-party damages, the "recovery fraction," or the gross future-medical-expense credit. Although the employee asserts in his appellate brief that the trial court "inadvertently" omitted an additional $621,920, purportedly representing compensation for "future pain, suffering, and mental anguish," in determining the employee's potential third-party damages, he did not challenge that omission in the trial court, and he did not cross-appeal from the trial court's January *Page 736 
21, 2004, judgment. Because the employee is attacking the trial court's judgment "`"with a view . . . to enlarging his own rights thereunder,"'" H.C. Schmieding Produce Co. v. Cagle,529 So.2d 243, 249 n. 4 (Ala. 1988), yet has not filed a notice of cross-appeal, that issue is not properly before us. See alsoMetro Bank v. Henderson's Builders Supply Co., 613 So.2d 339,340 (Ala. 1993), and McMillan, Ltd. v. Warrior Drilling Eng'gCo., 512 So.2d 14, 25 (Ala. 1986) (opinion on application for rehearing). Moreover, this court specifically held in Miller IV
that the figure representing "future" pain, suffering, and mental anguish claimed by the employee was not to be included in determining the employee's potential third-party damages.878 So.2d at 1177-78.
The employer does attack the correctness of the trial court's determination, in its January 21, 2004, judgment, that the employer's net future-medical-expense credit amounts to $2,974.28. Specifically, the employer, in this appeal, alleges that the trial court erred in determining the employer's prorata share of the attorney fees reasonably incurred in the employee's third-party action because that court inserted $128,475.01 (the employee's anticipated future medical expenses), rather than $47,535.75 (the gross future-medical-expense credit), into the numerator position of the left fraction of the mathematical proportion used for calculating that pro rata
share (i.e., the "employer's reduced liability" figure), thereby resulting in an improper reduction of the employer's net credit. We agree.
In Miller IV, restating the effect of the attorney-fee formula set forth by this court in Fitch v. Insurance Co. ofNorth America, 408 So.2d 1017 (Ala.Civ.App. 1981), and adopted by the Supreme Court in Maryland Casualty Co. v. Tiffin,537 So.2d 469 (Ala. 1988), we expressly stated that "the employer'spro rata share will bear the same proportion to the total fees and litigation expenses reasonably incurred by the employee ($138,737.68) that the gross future-medical-expense credit . . . bears to the total $400,000 settlement obtained from Kaydon."878 So.2d at 1180-81 (some emphasis omitted). We further specifically opined that the pro rata share could "easily be obtained through `cross-multiplication' of the known components of the proportion," which we stated as entailing multiplying the gross future-medical-expense credit by the total amount of the fees and litigation expenses and then dividing the result by the settlement amount. 878 So.2d at 1181.
Now that the trial court has conclusively determined the gross future-medical-expense credit to be $47,535.75, it is clear that the employer's pro rata share of the litigation expenses is actually $16,487.50, which is the result of multiplying $47,535.75 (the gross future-medical-expense credit) by $138,737.68 (the attorney fees and costs from the third-party action) and then dividing by $400,000 (the Kaydon settlement amount). Because the trial court instead determined the employer's pro rata share of the litigation expenses to be $44,561.47, the trial court erred, and that portion of its judgment is, therefore, reversed.
The employer also contends that the trial court erred in awarding the employee an additional attorney fee of $4,966.32. The employee has offered no argument on appeal in support of that award, and we conclude that the employer's contention is well-taken. Under Alabama law, an employer entitled to reimbursement for compensation, medical expenses, and vocational expenses it has expended on behalf of an injured employee isalready allocated its proper share of its employee's attorney fees reasonably *Page 737 
incurred in third-party tort actions by application of the formula set forth in Fitch and adopted in Tiffin. In contrast, the trial court's award of an additional attorney fee to the employee in this case is not authorized by Fitch,Tiffin, or the text of § 25-5-11(a), Ala. Code 1975. Moreover, the trial court's award is referable neither to a contempt judgment nor to a judgment awarding workers' compensation benefits to the employee so as to invoke the trial court's power, under § 25-5-90(a), Ala. Code 1975, to award a fee "not exceed[ing] 15 percent of the compensation awarded or paid." That part of the trial court's January 21, 2004, judgment awarding the employee an additional attorney fee of $4,966.32 is, therefore, also reversed.
It is the usual practice for this court, upon a reversal of a trial court's judgment in a particular cause, to remand the cause for the entry of a judgment consistent with our opinion. However, this court also has the power, on reversal, to render and "enter such judgment or decree as the court below should have entered or rendered when the record enables it to do so." Ala. Code 1975, §12-22-70; see also Hoover, Inc. v. State Dep't of Revenue,833 So.2d 32, 36 (Ala. 2002) (appellate court's authority to render a judgment on appeal is limited to instances where the record demonstrates that all facts on the issue in question are before the appellate court and where those facts establish that a particular party is entitled to a judgment as a matter of law). Because this case has now spawned five separate appeals and has endured for nine years, and because the record now permits this court to conclude that the employer is entitled to a judgment in its favor as a matter of law, it appears that the wiser course in this case is for this court to exercise that power in an effort to bring finality to the parties' litigation. Thus, we agree with the employer that a judgment "is due to be rendered" and "a sum certain" finally determined by this court.
Under Miller IV, the actual net value of the employer's future-medical-expense credit is equal to the gross value of that credit ($47,535.75) minus the amount of the employer's pro rata
litigation costs ($16,487.50), which is $31,048.25. The employer's aggregate medical-expense credit is equal to the net future-medical-expense credit of $31,048.25 plus the cost of the employee's past medical expenses already paid by the employer ($11,924.67), which is $42,972.92. In conformity with our decision in Miller IV, it is the judgment of this court that "the employer shall be responsible for payment of the employee's reasonable and necessary medical expenses related to his work-related injury only after the total of those expenses accrues to an extent that that aggregate amount," i.e., $42,972.92, "is exceeded." 878 So.2d at 1181. Stated another way, it is our judgment that in light of the employee's third-party recovery from Kaydon, the employer's duty to pay for all reasonable and necessary medical treatment for the employee's work-related injury is subject to a sum-certain "deductible" of $42,972.92, and the employer will be responsible for paying for that treatment only when the total cost of that treatment exceeds that amount (and only to the extent of that excess).
REVERSED AND JUDGMENT RENDERED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result, without writing. *Page 738