PITTMAN, Judge.
This is the sixth appeal in this protracted litigation between Miller & Miller Construction Company, Inc. (“the employer”), and Gary Wayne Madewell (“the employee”) over the employer’s workers’ compensation subrogation claim against funds recovered by the employee in a tort action against a third party. In the most recent previous appeal in this case, Miller & Miller Construction Co. v. Madewell, 901 So.2d 733 (Ala.Civ.App.2004), this court reversed a judgment of the Madison Circuit Court and rendered a judgment under *572 which “ ‘the employer shall be responsible for payment of the employee’s reasonable and necessary medical expenses related to his work-related injury only after the total of those expenses accrues to an extent that that aggregate amount,’ i.e., $42,972.92, ‘is exceeded.’ ” 901 So.2d at 787. In so doing, this court concluded that the trial court had erred in granting the employee an additional attorney-fee award above and beyond that permitted under Ala.Code 1975, § 25-5-ll(c), which provides that where a tort action against a negligent third party by the employee is settled, the employer is liable for a proportionate share of the attorney’s fees incurred in obtaining the settlement:
“The employer also contends that the trial court erred in awarding the employee an additional attorney fee of $4,966.32. The employee has offered no argument on appeal in support of that award, and we conclude that the employer’s contention is well-taken. Under Alabama law, an employer entitled to reimbursement for compensation, medical expenses, and vocational expenses it has expended on behalf of an injured employee is already allocated its proper share of its employee’s attorney fees reasonably incurred in third-party tort actions by application of the formula set forth in Fitch [v. Insurance Co. of North America, 408 So.2d 1017 (Ala.Civ.App.1981),] and adopted in [Maryland Casualty Co. v.] Tiffin[, 537 So.2d 469 (Ala.1988)]. In contrast, the trial court’s award of an additional attorney fee to the employee in this case is not authorized by Fitch, Tiffin, or the text of § 25-5-11(a), Ala.Code 1975. Moreover, the trial court’s award is referable neither to a contempt judgment nor to a judgment awarding workers’ compensation benefits to the employee so as to invoke the trial court’s power, under § 25-5-90(a), Ala.Code 1975, to award a fee ‘not exceeding] 15 percent of the compensation awarded or paid.’ That part of the trial court’s January 21, 2004, judgment awarding the employee an additional attorney fee of $4,966.32 is, therefore, also reversed.”
901 So.2d at 736-37.
Despite our clear holding in the most recent appeal as to the issue of supplemental attorney fees and our exercise of our rarely invoked power to render an appropriate judgment under § 12-22-70, Ala. Code 1975, on December 28, 2004, counsel for the employee filed a motion for an award of an attorney’s fee amounting to one-third of the employer’s future medical credit of $42,972.92. The trial court granted that motion on December 30, 2004, without awaiting a response from the employer. After the employer’s objection and its motion to vacate the fee award were overruled, the employer filed a notice of appeal.[1]
Assuming, without deciding, that the trial court had jurisdiction under § 25-5-88, Ala.Code 1975, to hear an action concerning the “proper distribution” of moneys payable under a judgment entered by this court, the actions of employee’s counsel and the trial court fly in the face of the “law of the case” doctrine. “[U]nder the ‘law of the case’ doctrine, ‘whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be *573 the facts of the case.’ ” Lary v. Flasch Bus. Consulting, 909 So.2d 194, 198 (quoting Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987)). No facts have changed in the months since our most recent decision in this case determining’ that the employer is not responsible for attorney fees above and beyond those obtained by application of the Fitch formula applicable to the third-party action.
The December 30, 2004, order of the Madison Circuit Court awarding an additional attorney fee to employee’s counsel in this case was erroneous. We vacate that order.
ORDER VACATED.
CRAWLEY, P.J., and MURDOCK, J., concur.
THOMPSON and BRYAN, JJ., concur in the result, without writing.

. Because the employer is responsible for satisfying the attorney-fee award, the employer has standing to appeal. Compare Ex parte Fort James Operating Co., 871 So.2d 51, 54 (Ala.2003) (employer held to lack standing to seek review of attorney-fee awards where it was not responsible for the payment of awards).